# Commonwealth *v.* Nadolny, Appellant.

Argued September 30, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Michael H. Sheridan,* for appellant.

*Arthur Silverblatt,* Assistant District Attorney, with him *Leon Schwartz,* District Attorney, for appellee.

OPINION BY ARNOLD, J., January 14, 1949:

Defendant appeals from a conviction of rape committed on the body of his stepdaughter, a child under sixteen. At the trial the Commonwealth made out a case of what is commonly called consensual or statutory rape, by the testimony of the child and the attending physician. The mother of the child, who was also the wife of the defendant, testified, over objection, that the defendant had admitted to her commission of the offense.

The sole question is whether the mother of the child was a competent witness to testify against her husband under our Act of 1887, P. L. 158, § 2 (b), as amended (19 PS § 683) which reads: "Nor shall husband and

wife be competent or permitted to testify against each other . . . except that . . . in any criminal proceedings against either for bodily injury or violence attempted, done or threatened upon the other, or upon the minor children of said husband and wife, or the minor children of either of them . . . each shall be a competent witness against the other. . . ."

We have no doubt that the mother of the victim is a competent witness against her husband in a criminal prosecution for statutory rape. If the offense were a common law rape, no question could arise. The indictment here charged that the defendant "feloniously did make an assault, and her, the said Marion Brinko a woman child under the age of sixteen years, then and there unlawfully and feloniously, did carnally know *and abuse.* . . ." (Italics supplied.) (§ 721 of The Penal Code of 1939, 18 PS § 4721, derived from § 91 of The Penal Code of 1860, as amended by the Act of 1887, P. L. 128.) In a prosecution for consensual rape, because of the non-resistance of the victim, of course no verdict of guilty of some form of assault and battery can be sustained: *Commonwealth v. Moon,* 151 Pa. Superior Ct. 555, 561, 562, 30 A. 2d 704.

Webster's New International Dictionary, 2nd ed., defines "abuse" as "to *violate,* ravish or defile." If, by the exercise of authority, or through the use of blandishments or rewards, a man over sixteen accomplishes the pollution of the body of a child under sixteen, there has been violence done upon her, and a physical defilement of her body.

If, by the term "bodily injury or violence" the Legislature meant to confine the spouse's competency merely to cases of some form of assault and battery committed, the Act would so have read. The term "violence" used in the Act is not a synonym for bodily injury, but means something more or broader than that.

The Oxford Dictionary (Vol. 10, page 221), inter alia, defines violence: "To inflict harm or injury upon;

to outrage or violate." This is the same form of violence used in the common expression in the examination of a juror, as to whether he can render a certain verdict "without doing violence to his conscience." Webster's New International Dictionary, 2nd ed., defines the word "violence," inter alia: "Injury done to that which is entitled to respect, reverence, or observance; profanation . . . outrage. . . ."

Under § 52 of the Statutory Construction Act (46 PS § 552) : "In ascertaining the intention of the Legislature in the enactment of a law, the courts may be guided by the following presumptions, among others: (1) That the Legislature does not intend a result that is absurd . . . or unreasonable. . . ." Certainly the Legislature could not have meant that the mother of the child was a competent witness against her husband if charged with abusing the child by striking her, but was incompetent as a witness if the husband abused the child by destroying her chastity.

The assignments of error are overruled and the judgment is affirmed.