## Commonwealth *v.* Soudani, Appellant.

Appeal allowed March 28, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Marjorie Hanson Matson,* for appellant.

*Eugene G. Kitko,* Assistant District Attorney, with him *Joseph S. Ammerman,* District Attorney, for appellee.

OPINION PER CURIAM, March 28, 1960:

Appellant, Sami H. Soudani, was found guilty in the Court of Quarter Sessions of Clearfield County and sentenced to 1½ to 3 years on a charge of aggravated assault and battery (misdemeanor) and sentenced to 3½ to 7 years on a charge of assault with intent to kill (felony), both sentences to run concurrently. In addition, a fine of $1,000 was imposed on the second count. Both judgments of sentence and fine were affirmed by the Superior Court. Since both charges arise out of the same transaction, differing merely in degree,[1] only one penalty can be imposed after conviction of both. *Commonwealth v. McCusker,* 363 Pa. 450, 70 A. 2d 273 (1950). To hold otherwise would contravene the intent of the legislature and impose double

---

[1] Where grievous bodily harm has resulted from an assault, as it has in this case, a charge of aggravated assault and battery (Act of June 24, 1939, P. L. 872, §709, 18 P.S. §4709) is a lesser included offense within a charge of assault with intent to kill. (Act of June 24, 1939, P. L. 872, §710, 18 P.S. §4710). The general rule is well-settled that upon an indictment charging a particular crime, the defendant may be convicted of a lesser offense included within it. This is so even though the greater offense charged be a felony and the lesser included offense a misdemeanor. *Hunter v. Commonwealth,* 79 Pa. 503 (1875). The exception to this rule is that on an indictment for murder, the jury is not permitted to return a verdict either for involuntary manslaughter or for any degree of assault and battery. See *Commonwealth v. Comber,* 374 Pa. 570, 97 A. 2d 343 (1953) ; *Commonwealth v. Komatowski,* 347 Pa. 445, 453, 32 A. 2d 905 (1943) ; *Commonwealth v. Adams,* 2 Pa. Superior Ct. 46 (1896). Thus, even without joinder of the count for aggravated assault and battery, the jury would be permitted to convict defendant on this lesser included charge.

punishment for the same crime.[2] The sentence of relator on his conviction of aggravated assault and battery is set aside. The judgment is otherwise affirmed.

[2] For other cases so holding see *Commonwealth ex rel. Shaddock v. Ashe*, 340 Pa. 286, 17 A. 2d 190 (1940) (counts of assault and battery with intent to commit rape and aggravated assault and battery held included within a count of rape) ; *Commonwealth ex rel. Russo v. Ashe*, 293 Pa. 322, 142 Atl. 317 (1928) (count of assault with intent to maim held included within count of assault with intent to murder) ; *Commonwealth ex rel. Tokarchik v. Claudy*, 174 Pa. Superior Ct. 509, 102 A. 2d 207 (1954) (count of aggravated assault and battery held included within count of assault with intent to ravish).