Commonwealth *v.* McLaren, Appellant.

Argued October 2, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Joseph Solomon,* with him *Chris J. Mitsos,* for appellant.

*James A. Caldwell,* Assistant District Attorney, with him *W. Thomas Andrews,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, November 19, 1970:

During the early hours of August 3, 1967, defendant-appellant, Arietta Blanche McLaren, shot and killed her husband in the first-floor bedroom of their Union Township home. Defendant was indicted for and convicted of voluntary manslaughter.* Defendant was not indicted for murder. The evidence offered at trial clearly established that defendant intentionally shot her husband, but defendant introduced sufficient evidence of legal provocation and passion to reduce the killing to voluntary manslaughter. Notwithstanding the fact that defendant had not been indicted for murder (and was not charged with either first- or second-degree murder), the trial Judge charged the jury not only with respect to voluntary manslaughter but *also, and at very great length,* with respect to first- and second-degree murder. He further instructed the jury that if they felt the Commonwealth had proved any of the crimes of murder, they could find a verdict of guilty on the voluntary manslaughter charge. This portion of the charge was objected to, even though defendant's attorney called it a "general" exception, but the objection was overruled and defendant granted an exception. The jury returned a verdict of guilty of volun-

---

* The indictment charged as follows: "On or about the 3rd day of August, in the year of our Lord one thousand nine hundred and sixty-seven (1967), at Union Township, in the County of Lawrence, aforesaid, and within the jurisdiction of this Court, with FORCE AND ARMS, etc., [Arietta Blanche McLaren] did unlawfully and feloniously kill and slay one Matthew McLaren intentionally *and without malice* aforethought *while under the influence of passion . . . ."* (Italics, ours.)

tary manslaughter. The lower Court overruled defendant's motion for a new trial, and from the judgment of sentence entered on the verdict defendant took this appeal.

Defendant raises two questions, but because of our disposition of the appeal we deem it necessary to discuss and decide only one of them, namely, was *prejudicial* error committed by the Court's charging the jury with respect to first- and second-degree murder when the defendant had been indicted solely for voluntary manslaughter?

The Commonwealth contends that the charge of the Court was both accurate and proper and that *Commonwealth v. Frazier,* 420 Pa. 209, 216 A. 2d 337 (1966), controls this case. We disagree with this contention.

In the *Frazier* case, the Court said (pages 211-214) : "Defendant was indicted in 1961 for the murder of his wife. At that time he was also indicted, *on a separate bill of indictment,*\* for voluntary and involuntary manslaughter. On July 9, 1962, defendant was brought to trial *only on the bill charging murder.* The Commonwealth's evidence, if believed, proved that defendant was guilty of first degree murder. Defendant's defense was that his wife committed suicide. There was no evidence, either by the Commonwealth or by the defendant, of passion or provocation. Nevertheless, the jury returned a verdict of voluntary manslaughter on, we repeat, the bill of indictment charging murder—a verdict permitted *even under such evidence*\*\* by many decisions of this Court: Commonwealth v. Frazier, 411 Pa. 195, 191 A. 2d 369; Commonwealth v. Nelson, 396 Pa. 359, 152 A. 2d 913; Commonwealth v. Steele, 362 Pa. 427, 66 A. 2d 825. Astonishingly, defendant was not tried (we repeat) and no verdict was returned on

---

\* Italics throughout, ours, unless otherwise noted.

\*\* Italics in *Commonwealth v. Frazier.*

the voluntary manslaughter indictment. Defendant was sentenced on the murder bill to a term of not less than 2½ nor more than 5 years in the State Correctional Institution. Defendant thereupon appealed to this Court. On June 4, 1963, this Court reversed the judgment of sentence, on the ground that the lower Court committed prejudicial error in its charge to the jury, and ordered a new trial.

"Defendant was again brought to trial on June 21, 1965, but this time he was tried only for voluntary manslaughter, since his prior conviction of voluntary manslaughter on the murder indictment operated in law as an acquittal of the charge of murder. Commonwealth v. Deitrick, 221 Pa. 7, 70 Atl. 275; Commonwealth v. Flax, 331 Pa. 145, 157, 200 Atl. 632; Commonwealth v. Gabor, 209 Pa. 201, 58 Atl. 278.

"In Commonwealth v. Gabor, 209 Pa., supra, the Court pertinently said (page 205) : 'In the present case the indictment was for murder, but the verdict was guilty of manslaughter. Under the decisions in this state the verdict of manslaughter was so far an acquittal of murder that the appellant cannot now be found guilty on that indictment of any higher grade than manslaughter.'

"In Commonwealth v. Flax, 331 Pa., supra, defendant was convicted of murder in the second degree. The Court in this Opinion pertinently said (page 157) : 'When a new trial is had on this murder indictment the defendant cannot, of course, be tried for murder in the first degree. The verdict of the jury in the trial now being reviewed was equivalent to defendant's acquittal of that crime. See Com. v. Deitrick, 221 Pa. 7, 70 A. 275.'

"At the present trial, the same evidence of killing his wife without passion or legally adequate provocation was presented by the Commonwealth exactly as it

was presented at the first trial. With respect to this evidence, we said in Commonwealth v. Frazier, 411 Pa., supra (page 202) : 'While in view of the evidence, the verdict of voluntary manslaughter is difficult to understand, such a verdict is strictly within the jury's prerogative, and may be returned even in the absence of evidence of sufficient provocation and passion if the evidence as a whole is sufficient to warrant the defendant's conviction of murder: Commonwealth v. Steele, 362 Pa. 427, 66 A. 2d 825 (1949), and Commonwealth v. Nelson, 396 Pa. 359, 152 A. 2d 913 (1959).'

"At this (Frazier's second) trial, *defendant demurred* to the Commonwealth's evidence on the ground that the evidence, if believed, amounted to and proved murder, but did not prove passion or legally adequate provocation, which are necessary ingredients of voluntary manslaughter. Commonwealth v. Nelson, 396 Pa. 359, 363-364, 152 A. 2d 913; Commonwealth v. Donough, 377 Pa. 46, 52, 103 A. 2d 694; Commonwealth v. Root, 403 Pa. 571, 582, 170 A. 2d 310. *The lower Court, we repeat, agreed with defendant's contention and sustained defendant's demurrer.*

"It would seem anomalous, strange and very unfair to Society to hold that a *defendant indicted for murder* could be convicted by a jury of voluntary manslaughter when there was ample evidence of murder but no evidence of passion; but on his retrial for voluntary manslaughter could not be convicted (by a jury) of voluntary manslaughter when exactly the same evidence was produced in the second trial as was produced in the first trial.

"While this is a question of first impression in Pennsylvania, the Law is not and should not be so foolish as to unqualifiedly release and free without acquittal by a jury, a person indicted for homicidal manslaughter whom the evidence proved was guilty of murder. The

Law was originally established to punish—severely and barbarously punish—persons who committed even small crimes. However, over the centuries the Law has developed and congealed, although not consistently or at times logically, along wiser and more humane lines. It is too often forgotten today (1) that the Law was established and exists *principally** for the protection and security of Society and (2) that in order to accomplish this *principal objective*,* dangerous criminals have to be sentenced to and confined in prison. This not only furnishes sorely needed protection to law-abiding citizens while the imprisonment lasts, but it also acts as a deterrent to prospective criminals. Gradually people came to realize that the accused was likewise entitled to protection, i.e., the protection of a fair trial, and more recently that Society has a duty to (attempt to) rehabilitate a criminal. It took, we repeat, many years—sometimes more than a century—of trial and error and of experiment and experience and evolution for the law to thus develop and congeal. Furthermore, if an important public interest conflicts with an important private interest, the public interest must prevail. The practical result is that technical rules must not be adopted which will seriously impair or destroy the underlying and basic principle of the criminal law, i.e., the protection of Society.

"To release without a trial and acquittal, this man whom the Commonwealth's evidence shows is a dangerous criminal would likely jeopardize the safety of law-abiding citizens and would make a mockery of the Law and of Justice.

"The Order of the lower Court is reversed and a new trial is ordered on the bill of indictment charging voluntary manslaughter."

---

* Italics in *Commonwealth v. Frazier.*

It has long been the law of Pennsylvania that the jury has the power to find a defendant guilty of a charge less than but included in the offense for which the defendant was indicted. *Commonwealth v. Dennis,* 433 Pa. 525, 252 A. 2d 671; *Commonwealth v. Hoffman,* 439 Pa. 348, 266 A. 2d 726. As this Court said in *Commonwealth v. Dennis,* 433 Pa., supra (page 528): "This Court has repeatedly held that where a defendant is indicted for murder he can be convicted of voluntary manslaughter. Commonwealth v. Comber, 374 Pa. 570, 97 A. 2d 343; Commonwealth v. Frazier, 420 Pa. 209, 216 A. 2d 337; Commonwealth v. Frazier, 411 Pa. 195, 191 A. 2d 369; Commonwealth v. Nelson, 396 Pa. 359, 152 A. 2d 913; Commonwealth v. Steele, 362 Pa. 427, 66 A. 2d 825. In Commonwealth v. Comber, the Court said (pages 573-574): 'This Court has decided that on an indictment charging murder a defendant can be acquitted of murder and convicted of voluntary manslaughter; but he cannot be convicted of involuntary manslaughter: Hilands v. Com., 114 Pa. 372, 380, 6 A. 267; Com. v. Kellyon, 278 Pa. 59, 122 A. 166; Com. v. Gable, 7 S. & R. 423; Walters v. Com., 44 Pa. 135; Com. v. Komatowski, 347 Pa. 445, 452, 32 A. 2d 905; Com. v. Palermo, 368 Pa. 28, 81 A. 2d 540; Com. v. Weinberg, 276 Pa. 255, 120 A. 406; Com. v. Mayberry, 290 Pa. 195, 199, 138 A. 686; Com. v. Greevy, 271 Pa. 95, 114 A. 511; Com. v. Duerr, 158 Pa. Superior Ct. 484, 490, 45 A. 2d 235.' "

In *Commonwealth v. Hoffman,* 439 Pa., supra, the Court said (pages 358-359): "In Commonwealth v. Kellyon, 278 Pa. 59, 122 Atl. 166 (1923), the Court discussed the doctrine at some length and elucidated its origins. First, the Court recognized that manslaughter was at common law, as it is today, an offense less than and included in the crime of murder, the distinguishing element being the absence of malice in vol-

untary manslaughter. [Footnote omitted.] It is also noted that a jury has the power to find a defendant guilty of a lesser included offense and that this power permits the return of a verdict of voluntary manslaughter on a murder indictment. Because manslaughter is a lesser offense than murder, the Court concluded that a defendant could not properly complain of a verdict finding him guilty thereof on evidence which would show him to be guilty of the greater offense. The emphasis in our subsequent cases on the necessity of passion and provocation to reduce an intentional killing to voluntary manslaughter in no way alters the fact that voluntary manslaughter is a lesser included offense of murder."

We once again reaffirm the aforesaid principles. However, the present case does not fall within said principles or the aforesaid decisions. Although voluntary manslaughter is a lesser criminal offense which is included in the offense of and in an indictment for murder, murder is not a lesser criminal offense which is included in the offense of voluntary manslaughter or of a voluntary manslaughter indictment. A criminal offense which is greater than the lesser criminal offense for which a person has been indicted or is being tried, is not included in the lesser offense.

It is crystal clear that defendant could not have been legally convicted of murder under the indictment for voluntary manslaughter for which she was being tried. The trial Judge's very lengthy charge to the jury with respect to first-degree murder and second-degree murder *was expressed in such a manner and in such language as to befuddle the jury,* even though at one point the Judge told the jury that defendant could not be found guilty of murder and that they could not bring in a verdict for anything more than voluntary manslaughter. Nevertheless, considered as a whole, we be-

lieve that the manner and language in which the charge concerning murder was expressed in this case constituted prejudicial error.

Judgment of sentence reversed and new trial granted.

Mr. Justice COHEN, Mr. Justice EAGEN, Mr. Justice ROBERTS and Mr. Justice POMEROY concur in the result.