Commonwealth *v.* Ruehling, Appellant.

Submitted November 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John H. Corbett, Jr.,* Trial Defender, *John J. Dean,* Chief, Appellate Division, and *George H. Ross,* Public Defender, for appellant.

*Louis R. Paulick* and *Robert L. Eberhardt,* Assistant District Attorneys, *John M. Tighe,* First Assistant District Attorney, and *John J. Hickton,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., February 27, 1975:

Appellant presently challenges the sufficiency of evidence used to convict him of the crimes of kidnapping,[1] statutory rape,[2] and indecent assault.[3] Before we consider these contentions it is necessary to carefully review the facts surrounding this appeal.

Plagued with an assortment of financial problems on the evening of August 30, 1973, appellant, a 35 year-old married man, attempted to forget them by visiting a local tavern. After drinking several beers and shots of whiskey, appellant drove to the Leslie Park Swimming Pool in the Lawrenceville section of Pittsburgh. There he observed several young people swimming in the pool even though it was late in the evening. One girl, the 15 year-old prosecutrix, attracted his interest. As she was leaving the pool area, appellant grabbed her and told her that he was a police officer and wanted to talk to her

---

1. Act of Dec. 6, 1972, P.L. 1482, No. 334, §2901, 18 Pa. C.S. §2901.

2. Act of Dec. 6, 1972, P.L. 1482, No. 334, §3122, 18 Pa. C.S. §3122.

3. Act of Dec. 6, 1972, P.L. 1482, No. 334, §3126, 18 Pa. C.S. §3126.

about drugs. The two proceeded to appellant's car. Once in the car, appellant displayed a gun and told the prosecutrix that she must go with him. Appellant then drove to an isolated area, some 30 miles from the place of abduction. After the car was parked, the prosecutrix resisted appellant's advances. A fight ensued and appellant dragged the prosecutrix from the car and beat her up. Appellant then pulled her pants down, pushed her to the ground, and got on top of her. The prosecutrix testified that she was forced to open her legs and felt a sharp pain in the area of her vagina. At the conclusion of these acts, appellant drove the prosecutrix to a phone booth where he dropped her off. The police soon picked up the proxecutrix at that location. Subsequently, the prosecutrix received medical care at a local hospital and a vaginal smear disclosed the presence of sperm. Appellant was arrested, charged, and convicted in a non-jury trial of several crimes including kidnapping, statutory rape and indecent assault. From his sentence of 4 to 12 years imprisonment, appellant has appealed.

Initially we must recognize that in determining whether the evidence was sufficient to support a guilty verdict, we accept the Commonwealth's evidence as true, including all reasonable inferences therefrom. *Commonwealth v. Coe,* 226 Pa. Superior Ct. 594, 323 A.2d 213 (1974).

Appellant first argues that the evidence was insufficient to support his conviction for kidnapping. Under §2901 of the Crimes Code, a person is guilty of kidnapping if: "he unlawfully removes another a substantial distance under the circumstances from the place where he is found, or if he unlawfully confines another for a substantial period in a place of isolation, with any of the following intentions: . . . (2) To facilitate commission of any felony or flight thereafter." Under the facts presently before us, we are convinced that there was sufficient evidence to find appellant guilty of kidnapping. Appellant

claims that 30 miles cannot be considered a substantial distance under the statute. We disagree and find that appellant's actions in removing the prosecutrix from the company of her friends and transporting her a distance of 30 miles into the next county established the first element of the crime of kidnapping. Appellant's actions clearly show that he took the victim with the intention of raping her thus supplying the second element of the crime.

Appellant's next argument is that there was insufficient evidence to convict him of statutory rape. Under §3122 of the Crimes Code a person who is 16 years of age or older commits statutory rape "when he engages in sexual intercourse with another person not his spouse who is less than 16 years of age." In the instant case, the facts reveal that appellant was 35 years of age and the prosecutrix was 15 years of age; appellant pulled down the clothing of the prosecutrix, made her lie down and spread her legs; and the prosecutrix then felt a sharp pain in the area of her vagina. A vaginal smear taken at the hospital after this incident revealed the presence of sperm. Appellant complains that there was no direct evidence of penetration, and thus, sexual intercourse was not established. However, our Court has held that penetration may be shown by circumstantial evidence. *Commonwealth v. Exler*, 61 Pa. Superior Ct. 423 (1915). Considering the youth of the prosecutrix, the presence of sperm in her vagina, and taking all inferences from the evidence in a light most favorable to the Commonwealth we are satisfied that the crime of statutory rape was established.

Appellant's final argument is that the evidence was insufficient to support his conviction of indecent assault. Under §3126 of the Crimes Code a person is guilty of indecent assault when he "has indecent contact with another not his spouse, or causes such other to have indecent contact with him . . . if: (1) he knows that the contact is offensive to the other person." (The other

provisions of the statute are not applicable under facts before us). Section 3101 of the Crimes Code defines "indecent contact" as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in either person."

Appellant argues that the only evidence disclosing any touching of the intimate parts of the prosecutrix was her testimony dealing with the pain she received in the area of her vagina. We agree with appellant that there was no evidence of any touching of any other intimate area. The conclusion appellant wishes us to reach is that the indecent assault to the area of the vagina was a lesser included offense of the crime of statutory rape and does not support a verdict for a separate crime. We cannot reach that conclusion, however, because when we examine the elements constituting the two crimes we find that indecent assault does not necessarily merge into the crime of statutory rape. A single act or series of acts may constitute two or more separate offenses if each offense requires proof of facts additional to those involved in the other. *Commonwealth v. Cox,* 209 Pa. Superior Ct. 457, 228 A.2d 30, *allocatur refused,* 209 Pa. Superior Ct. *xxxix* (1967). Upon reviewing the elements of the crime of statutory rape we discover that the crime is complete when a person over 16 years of age has sexual intercourse with a person not his spouse who is less than 16 years of age. There is no requirement that the act be offensive or forceful and the existence of consent is immaterial. *Commonwealth v. Nadolny,* 40 Luz. L. Reg. Rep. 171, *aff'd* 163 Pa. Superior Ct. 517, 63 A.2d 129 (1949). On the other hand, the indecent contact must be offensive to the other person if it is to constitute the crime of indecent assault.

The added element of offensiveness must be established by the Commonwealth to prove the crime of indecent assault. This element is not part of the crime of

statutory rape, and thus distinguishes the two crimes.[4] We have no difficulty in concluding that appellant knew that the indecent contact was offensive to the prosecutrix. Both he and the prosecutrix testified that a violent fight followed his advances on her and the fight continued until she was subdued. If the prosecutrix had assented to appellant's advances including the act of sexual intercourse, it would be difficult to find the crime of indecent assault although the crime of statutory rape would still have been committed.

Judgment affirmed.

---

4. Similarly a person can be found guilty of both rape and statutory rape. *See Commonwealth v. Cox*, 209 Pa. Superior Ct. 457, 228 A.2d 30, *allocatur refused*, 209 Pa. Superior Ct. *xxxix* (1967).