Commonwealth *v.* Carter, Appellant.

Submitted December 6, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Albert John Snite, Jr., Elaine DeMasse,* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*Harry M. Spaeth, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., September 22, 1975:

This appeal arises by appellant's challenge to his judgment of sentence. At trial on April 17, 1974, the judge, sitting without a jury, sustained appellant's demurrer to a charge of possessing an instrument of crime, found appellant guilty on an indictment charging conspiracy, and found appellant guilty of criminal trespass on an indictment charging burglary and attempted theft by unlawful taking.[1] Sentencing followed. Appellant now challenges the conviction of criminal trespass, arguing that the crime of criminal trespass is not a lesser included offense of the crime of burglary. If criminal trespass is a lesser included offense of burglary then appellant was properly adjudged guilty of the lesser offense. *Commonwealth v. Nace,* 222 Pa. Superior Ct. 329, 295 A.2d 87 (1972).

The statutes in question are those regarding "Burglary":

---

1. Appellant was acquitted of the charges of burglary and attempted theft.

"(a) Offense defined.—A person is guilty of burglary if he *enters a building or occupied structure* ... with intent to commit a crime therein, *unless* the premises are at the time open to the public or *the actor is licensed or privileged to enter.*" [Emphasis supplied] Crimes Code,[2] Section 3502 (a),

and "Criminal Trespass":

"(a) Buildings and occupied structures.—(1) A person commits an offense if, *knowing* that he is *not licensed or privileged* to do so, he *enters* or gains entrance by subterfuge or surreptitiously remains in *any building or occupied structure* ...." [Emphasis supplied] Crimes Code, Section 3503 (a) (1).

The language of the "Crimes Code" regarding burglary comes from the "Model Penal Code", Section 221.1. The fundamentals of the crime, entering a building with criminal intent, are similar to burglary under our former "Penal Code".[3] We turn to the case law under our former statute to determine the elements of the crime. "The elements of burglary are the intent to commit a felony and the successful and effective overt act directed toward the commission of the felony by the wilful and malicious entry into a building. *Commonwealth v. Procopio*, 200 Pa. Superior Ct. 226, 188 A.2d 773 (1963)...." *Commonwealth v. DelMarmol*, 206 Pa. Superior Ct. 512, 516, 214 A.2d 264, 266 (1965). Constructive, although incomplete, entry, as by a portion of the body only, satisfies the entry requirement of the crime. *Commonwealth v. Myers*, 223 Pa. Superior Ct. 75, 297 A.2d 151 (1972). *Commonwealth v. Garrett*, 423 Pa. 8, 222 A.2d 902 (1966), notes that the common law crime of burglary has been expanded in its concept, but that wilful and malicious entry are still

---

2. Act of 1972, Dec. 6, P.L. 1482, No. 334 (18 Pa. C.S. §3502 et seq.)

3. Act of 1939, June 24, P.L. 872, Section 901 (18 P.S. §4901).

needed. For present purposes, we note that under the current statute, which is bolstered by case law under the former statute, the operative concepts for the crime of burglary are entry, intent to commit a crime within the building entered, and lack of a license or privilege to enter.

The crime of criminal trespass, also modelled upon the "Model Penal Code", is new as a statutory crime in Pennsylvania. It did have its precursors in laws to prevent wilful trespass upon lands of state institutions,[4] wilful trespass upon private lands which had been posted,[5] entry "in a manner not amounting to burglary" with intent to commit a crime therein,[6] entry by force,[7] forcible detainer,[8] and certain others. In examining these, we see that the element of the crime is unlicensed or unprivileged entry. Intent to commit a crime during the time inside the structure is not common to all of this category. See, for example, *Commonwealth ex rel. Madden v. Ashe*, 162 Pa. Superior Ct. 39, 56 A.2d 335 (1948).

It is clear that to be a lesser included offense all its essential elements must be included in the greater offense. *Commonwealth ex rel. Moszczynski v. Ashe*, 343 Pa. 102, 21 A.2d 920 (1941); *Commonwealth v. Nace, supra*. The greater offense includes the lesser. *Commonwealth v. Bailey and Ford*, 92 Pa. Superior Ct. 581 (1927).

Finding that essential elements of the crime of criminal trespass are unlicensed or unprivileged entry into a building or occupied structure and that these elements are included in the crime of burglary, we hold that the

---

4. Act of 1971, Aug. 6, P.L. 275, No. 69 (18 P.S. §4955).

5. Act of 1967, Sept. 1, P.L. 303 (18 P.S. §4954). This is now encompassed in Section 3503(b) of the "Crimes Code," *supra*, dealing with defiant trespassers.

6. Act of 1939, June 24, P.L. 872 (18 P.S. §4901.1).

7. Act of 1939, June 24, P.L. 872 (18 P.S. §4403).

8. Act of 1939, June 24, P.L. 872 (18 P.S. §4404).

crime of criminal trespass is a lesser included offense of the crime of burglary. Therefore, on an indictment for burglary, there may properly be a verdict or finding of guilty of the lesser included offense of criminal trespass upon proof beyond a reasonable doubt of unlicensed or unprivileged entry into a building or occupied structure.

Appellant claims that the statute on criminal trespass should be interpreted to require proof that his entry was "by subterfuge". The language upon which he centers his claim appears from the Act to be as follows:

"(1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or gains entrance by subterfuge or surreptitiously remains in any building or occupied structure."

The appellant claims that to prove an entry which is not licensed or privileged the Commonwealth must show an entry by subterfuge. He claims that the words, "by subterfuge" modify the words, "he enters". The Statutory Construction Act of 1972 provides that "words and phrases shall be construed according to the rules of grammar and according to their common and approved usage."[9] It appears clear that the words in the statute "if, knowing that he is not licensed or privileged to do so he enters ... any building ..." may properly constitute a criminal trespass. Entry alone is an element of the crime and is not limited by any additional requirement of "subterfuge."

Appellant argues that the Commonwealth failed to prove that he was not licensed or privileged to enter the premises in question. Contrary to his contention, the Commonwealth met its burden of establishing the unprivileged nature of entry by introducing into evidence appellant's statement, which is against his penal interest, to-wit, that he walked into the house because he knew that there was

_____

9. Act of 1970, November 25, P.L. 707, No. 230, 1 Pa. C.S. §1903(a).

piping therein which he could remove and resell. There is no doubt that proof of unlicensed or unprivileged entry is the Commonwealth's burden. The burden of proving necessary elements of a crime cannot be shifted onto the defendant. See *Commonwealth v. Stoffan,* 228 Pa. Superior Ct. 127, 323 A.2d 318 (1974). Testimony by one Charles Ellis indicates that he was the record owner on the date of the offense and that he had given appellant no permission to enter. Further testimony shows that the house may have been unoccupied and "boarded up". There is no indication that the house had been abandoned in the sense of that word's definition: "Abandoned property is that to which the owner has voluntarily relinquished all right, title, claim and possession with the intention of terminating his ownership, but without vesting it in any other person, and with no intention of reclaiming possession or resuming ownership and enjoyment in the future. 1 Am J 2d Aband §1." *Ballantine's Law Dictionary,* Third Edition, "abandonment of property".

Judgment of sentence affirmed.

WATKINS, P.J., concurs in the result.

———

DISSENTING OPINION BY HOFFMAN, J.:

Appellant contends that it was improper to convict him of criminal trespass, 18 Pa. C.S. §3503(a),[1] on an indictment charging burglary, 18 Pa.C.S. §3502,[2] on the theory that criminal trespass is not a lesser included offense of the crime of burglary. We have held that a conviction for a crime not charged in the indictment is proper only if the offense is included within the offense actually charged. See *Commonwealth v. Nace,* 222 Pa.

———

1. Act of Dec. 6, 1972, P.L. 1482, No. 334, §1, 18 Pa.C.S. §3503(a).

2. Act of Dec. 6, 1972, supra, 18 Pa.C.S. §3502.

Superior Ct. 329, 295 A.2d 87 (1972). We must determine, therefore, whether the crime of burglary "necessarily involves" the crime of criminal trespass. See *Commonwealth ex rel. Moszczynski v. Ashe,* 343 Pa. 102, 104, 21 A.2d 920 (1941).

Under the Crimes Code "[a] person is guilty of burglary if he enters a building or occupied structure ... with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter." Criminal trespass of a building or occupied structure is committed when "[a] person ... knowing that he is not licensed or privileged to do so, . . . enters or gains entrance by *subterfuge* or surreptitiously remains in any building or occupied structure . . ." (Emphasis added).

The Commonwealth argues that §3503(a) creates three distinct forms of criminal trespass: (1) any unlicensed or unprivileged entry; (2) an entrance gained by subterfuge; and (3) surreptitiously remaining within the building. The facts of the present case bring it within the first of the three situations. Appellant, on the other hand, contends that there are only two situations constituting criminal trespass on the theory that "subterfuge" modifies both "enters" and "gains entrance."

The Commonwealth notes that both the burglary and criminal trespass sections of the Crimes Code were modeled after the relevant Model Penal Code versions. In support of its argument, the Commonwealth cites the following comment by the drafters of the Model Penal Code: "[S]ome statutes and judicial decisions go so far as to create a presumption that an unexplained breaking and entering is made with the intent to commit a crime. We believe that it is unnecessary to create a statutory presumption here. If there is a reasonable doubt as to the criminal purpose of the intruder it should be enough to convict him of criminal trespass under Section 221.2, Model Penal Code T.D. No. 11 . . ." The Pennsylvania

version of criminal trespass, however, differs significantly from the Model Penal Code definition: "A person commits an offense, if knowing that he is not licensed or privileged to do so, he enters or surreptitiously remains in any building or occupied structure . . ." Thus, the Pennsylvania legislature added the phrase "gains entrance by subterfuge" when it enacted §3503(a). This supports the Commonwealth's argument that "subterfuge" does not modify "enters." If appellant's interpretation were accepted, there would have been no reason for the legislature to have added "gains entrance," unless there are situations where one can "gain entrance" without "entering." Thus, §3503(a) creates three distinct forms of criminal trespass.[3]

The Majority states that the essential elements of the crime of criminal trespass "are unlicensed or unprivileged entry into a building or occupied structure . . ." Were this statement factually correct, the criminal trespass committed in the instant case would clearly be included within the crime of burglary. The criminal trespass statute, however, states that the crime is committed when "[a] person . . . *knowing* that he is not licensed or privileged to do so . . . enters . . . any building . . ."

---

3. This conclusion is reached with a great deal of reluctance. The narrow issue presented by the instant case is whether criminal trespass (in the situation where the defendant enters a building knowing he has no license or privilege to do so) constitutes a lesser included offense of burglary. For reasons to be discussed infra, I conclude that it does not. But I am forced to accept the conclusion that "subterfuge" does not modify "enters." Thus, §3503(a) prohibits, in part, an unlawful entry not amounting to a burglary because of the absence of criminal intent. The difficult consequence is that our legislature has made the crime of criminal trespass a felony of the second degree, see §3503(b), which carries a maximum penalty of ten years' imprisonment. 18 Pa.C.S. §1103(2). Under the Model Penal Code section, a criminal trespass of this type is a petty misdemeanor, unless it is committed in a dwelling at night,

(Emphasis added). The burglary statute, on the other hand, provides that the crime occurs when a person enters a building with criminal intent "unless . . . the actor is licensed or privileged to enter." It would seem, therefore, that the crime of criminal trespass has a scienter requirement not necessary to prove the crime of burglary, and thus cannot be categorized as a lesser included offense.[4]

I would reverse the judgment of sentence and discharge the appellant.

JACOBS and SPAETH, JJ., join in this dissenting opinion.

---

in which case it is a misdemeanor. Similarly, the former unlawful entry statute, 18 P.S. §4901.1, carried a maximum penalty of one year imprisonment, a $500 fine, or both.

It is apparent that our legislature was concerned with the situation where a person enters a building by ruse (hence the inclusion of "gains entrance by subterfuge"). It is equally apparent that the legislature wished to prohibit unlawful entries not amounting to burglary. Unfortunately, the legislature included both crimes in the same subsection and authorized the same maximum penalty for each. It is difficult to believe that the legislature actually intended to punish unlawful entry with a maximum term of ten years' imprisonment. I urge the legislature to remove unlawful entry from the criminal trespass section and to create a separate crime of unlawful entry which authorizes a more realistic maximum penalty.

4. The prior burglary statute, 18 P.S. §4901, Act of June 24, 1939, P.L. 872, §901, did not mention the absence of license or privilege. Thus, there are no cases interpreting the language contained in the new version. On its face, however, the statute would allow a conviction if the actor was in fact *not* licensed or privileged, even if he believed that he was. One could not be convicted of criminal trespass, however, if he believed that he was privileged or licensed to enter. We can determine whether there are any limitations to the defense of lack of scienter at the appropriate time.