Commonwealth *v.* Seymour, Appellant.

Submitted June 9, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Robert T. Gownley, Jr.,* Assistant Public Defender, for appellant.

*Paul R. Mazzoni,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P.J., October 28, 1975:

This is an appeal from the judgment of sentence in the Court of Common Pleas of Lackawanna County, Criminal Division, by the defendant-appellant, Bruce Wayne Seymour, after conviction for receiving and retaining stolen goods, knowing the same property was stolen in violation of Section 3925 of the Crimes Code, 18 P.S. §3925; and from the denial of post-trial motions.

The appellant does not contend that the evidence was insufficient either to prove the elements of the crime or the fixing of value under Section 3903 of the Code. The sole contention of this appeal is that the Act of December 6, 1972, P.L. 1482, No. 334, §1 (18 Pa. C.S. §3903) placed on him the burden of proof of an essential element of the crime, the value of the stolen property, and is, therefore, unconstitutional.

The issue in this case was decided by this Court in *Commonwealth v. McKennion,* 235 Pa. Superior Ct. 160, 163, 340 A.2d 889, 891 (1975), in which we held that: "Neither Section 3921 which details the crime nor Section 3901 which describes the property contains the element of value. We believe, therefore, that value is not an essential element of the crime of theft. Rather, the value of the stolen items becomes relevant only to establish the grade of the offense for purposes of imposing sentence." The same reasoning is applicable to Section 3925 of the Crimes Code, 18 P.S. §3925.

We recognize that the amendment to Section 3903, to a large extent, has made this a moot issue. The amendment Act of June 17, 1974, P.L. 356, No. 118, §1 (18 Pa. C.S. §3903) has clarified the legislature's intention to

place the burden of proof of the market value of the stolen goods upon the Commonwealth. The amendment became effective on June 17, 1974, well after the trial of the instant case and has no bearing upon this decision.

Judgment affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:

I dissent for the reasons set forth in my dissenting opinion in *Commonwealth v. McKennion,* 235 Pa. Superior Ct. 160, 167, 340 A.2d 889 (1975).

SPAETH, J., joins in this dissenting opinion.