Commonwealth *v.* Ackerman, Appellant.

Submitted June 16, 1975. Before WATKINS, P.J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

*David H. Kubert*, for appellant.

*William H. Richardson, Mark Sendrow*, and *Steven H. Goldblatt*, Assistant District Attorneys, *Abraham J. Gafni*, Deputy District Attorney, and *F. Emmett Fitzpatrick*, District Attorney, for Commonwealth, appellee.

OPINION BY PRICE J., March 29, 1976:

On August 5, 1974, the lower court, sitting without a jury, adjudged defendant-appellant Lorenz F. Ackerman guilty of felonious restraint,[1] simple assault,[2] and

---

1. 18 Pa. C.S. §2902. An amendment to the Crimes Code, Act of Dec. 30, 1974, P.L. 1120, No. 361, §2, changed the name of the crime from "Felonious Restraint" to "Unlawful Restraint."

2. 18 Pa. C.S. §2701.

criminal conspiracy.[3] Because the lower court erred in convicting appellant of unlawful restraint, the judgment of sentence of the lower court as to that charge alone must be reversed.

The facts, read in a light most favorable to the verdict-winner, *Commonwealth v. Porter*, 229 Pa. Superior Ct. 314, 323 A.2d 128 (1974), are as follows: On the afternoon of December 7, 1973, appellant and his co-defendant, Angelo Carmello, were piloting a forty foot tractor-trailer on the Roosevelt Boulevard Extension of the Schuylkill Expressway. When they came to the vicinity of the intersection of Broad Street and Roosevelt Boulevard, their vehicle was struck by a bottle hurled by William Rawl. Rawl had been walking home from school with his 13 year-old friend, Willy McDaniel.

The missile hit the truck just below the windshield, causing some damage. The two men stopped the truck, alighted, and pursued the youths. William Rawl managed to escape, but Willy McDaniel was not so fortunate.. Carmello caught McDaniel and escorted him back to the truck where appellant, in a fit of anger, threw him to the earth. McDaniel testified that appellant placed his knee on McDaniel's chest and hit him on the cheek, knocking out one of his teeth. They then loaded the youth into the cab of the truck, telling him they were taking him to a police station.

The two men, with their captive, proceeded south, purposely driving slowly in order to attract the attention of the police. This tactic failed, however, and they followed the Schuylkill Expressway to the King of Prussia exit. From there, they followed Route 411 to the Lower Providence Township Police Station, where the boy was placed in the custody of Sergeant Joseph Nagle of the Lower Providence Township Police Department. The twenty-five mile journey had lasted one hour.

Sergeant Nagle testified that when he first saw Willy

---

3. 18 Pa. C.S. §903.

McDaniel, he was bleeding from the mouth and nearly incapacitated by fear. The sergeant informed the two men that he had no jurisdiction over the incident because it had occurred in Philadelphia. Appellant stated that he could not return to Philadelphia and offered to pay the cost of transporting the boy back home. McDaniel's mother finally greeted him at the 25th Police District, in Philadelphia, at 12:30 a.m. on December 8, 1973.

Appellant and Carmello were subsequently indicted for kidnapping, kidnapping a person under the age of 14 years, criminal conspiracy, and simple assault. Appellant was found not guilty of kidnapping a person under the age of 14 years. He was found guilty of simple assault and criminal conspiracy, and he was convicted of unlawful restraint under the kidnapping indictment.

Appellant's first contention is that his jury trial waiver did not meet the requirements of *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973). However, appellant failed to bring this issue to the attention of the lower court in his post-trial motions. Therefore, it was waived. *Commonwealth v. Bronaugh*, 459 Pa. 634, 331 A.2d 171 (1975).

Appellant's second contention is that is was error for the lower court to convict him of unlawful restraint because he was not indicted for that crime. Specifically, appellant contends that unlawful restraint is not a lesser included offense of kidnapping.

The Supreme Court of Pennsylvania has held that on an indictment charging a defendant with a particular offense, he may be convicted of a lesser offense included in the particular offense charged. *Commonwealth v. Soudani*, 398 Pa. 546, 159 A.2d 687, *cert. denied*, 364 U.S. 886 (1960). The test for whether an offense is lesser than and included in another, is whether the greater offense "necessarily involves" the lesser. *Commonwealth ex rel. Moszczynski v. Ashe*, 343 Pa. 102, 21 A.2d 920 (1941).[4]

---

4. This test is similar to that of Fed. R. Crim. P. 31 (c), which

The proper subsidiary test, for determining whether one offense necessarily involves another, is whether all of the essential elements of the lesser offense are included in the greater. *Commonwealth v. Carter*, 236 Pa. Superior Ct. 376, 344 A.2d 899 (1975); *Commonwealth v. Nace*, 222 Pa. Superior Ct. 329, 295 A.2d 87 (1972). Stated another way, if the essential elements of crime A are also elements of crime B, and if crime A is less culpatory than crime B, then crime A is a lesser included offense of crime B.

18 Pa.C.S. §2901 (a) defines kidnapping as follows:

"A person is guilty of kidnapping if he unlawfully removes another a substantial distance under the circumstances from the place where he is found, or if he unlawfully confines another for a substantial period in a place of isolation, with any of the following intentions: ...

(3) To inflict bodily injury on or to terrorize the victim or another."

Under 18 Pa. C.S. §2902, a person commits unlawful restraint when he knowingly: "(1) restrains another unlawfully in circumstances exposing him to risk of serious bodily injury ..."

Appellant contends that unlawful restraint is not a lesser included offense of kidnapping because the seriousness of the bodily injury threatened is an element of unlawful restraint but not an element of kidnapping. Therefore, an essential element of the lesser crime is not an element of the greater and commission of the greater does not *"necessarily* involve" commission of the lesser. Appellant is correct.

---

permits convictions for "necessarily included" offenses. Although the court in *Moszczynski* was applying the doctrine of merger, this court has recognized that the doctrines of merger and lesser included offenses raise essentially the same question. *See Commonwealth v. Dockins*, 230 Pa. Superior Ct. 271, 326 A.2d 505 (1974).

The Crimes Code, in 18 Pa. C.S. §2301, defines both bodily injury ("Impairment of physical condition or substantial pain.") and serious bodily injury ("Bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."). Thus, there can be no doubt that exposure to "serious bodily injury," as opposed to mere "bodily injury," is a distinct element of the crime of unlawful restraint. In prosecuting a case for unlawful restraint, the burden would be on the Commonwealth to prove beyond a reasonable doubt that the bodily injury to which the victim was exposed was serious bodily injury.

On the other hand, to prove kidnapping, the Commonwealth need only prove that bodily injury was intended. Serious bodily injury is not an element of the crime of kidnapping. While we might agree that intent to inflict bodily injury necessarily involves an exposure of the victim to bodily injury, we are unable to agree that such an intent necessarily involves exposure of the victim to *serious* bodily injury. The Commonwealth argues that the narrow concept of serious bodily injury is contained within the broader concept of bodily injury. Thus unlawful restraint can be said to be included within kidnapping. This argument is misdirected. Proof of bodily injury is not necessarily proof of serious bodily injury. Therefore, proof of kidnapping is not necessarily proof of unlawful restraint, and unlawful restraint cannot be said to be necessarily included within the crime of kidnapping.

We are not unmindful of *Commonwealth v. Nace, supra*, in which it was held that joy-riding is a lesser included offense of larceny of a motor vehicle, even though there are conceivable fact situations under which a person could be guilty of larceny of a motor vehicle and not guilty of joy-riding. However, in that case this court noted that such fact situations would be rare. That is not true of this case. Suffice it to say that we can conceive of

many situations where the intent to cause bodily injury could be proved, but exposure to serious bodily injury could not be proved.

Appellant's third allegation of error concerns the fact that the conspiracy indictment alleged as overt acts that appellant committed kidnapping and aggravated assault. Yet, appellant was found not guilty of kidnapping and he was not indicted for aggravated assault. Therefore, appellant contends, because the overt acts alleged in the indictment were not proved, he could not be convicted of conspiracy.

The purpose of an indictment is to inform the defendant of the charges against him and to protect him against further prosecution for the same cause. *See, Commonwealth v. Brown,* 229 Pa. Superior Ct. 67, 323 A.2d 845 (1974). In this case, the indictment charged appellant with committing criminal conspiracy and it was for that crime that he was convicted. We regard the fact that the indictment alleged kidnapping and aggravated assault as overt acts, while appellant actually committed simple assault, as a matter of form. If it is error, then it is certainly a harmless one, for technical defects in the indictment can be amended even after the verdict. *Commonwealth v. Syren,* 150 Pa. Superior Ct. 32, 27 A.2d 504 (1942). *See also, Commonwealth v. Brown, supra.*

Moreover, we note a fundamental flaw in appellant's argument. He-contends that the overt acts alleged in the indictment were not proved. That contention is incorrect. The evidence, viewed in the light most favorable to the verdict-winner, was sufficient beyond a reasonable doubt to prove that appellant committed aggravated assault. *See, Commonwealth v. Alexander,* 237 Pa. Superior Ct. 111, 346 A.2d 319 (1975).[5] Appellant was not indicted for aggravated assault, and, therefore, he could not be

---

5. The record reveals that Willy McDaniel, in addition to losing a tooth, suffered bruises to the face and head, acute lumbosacral sprain, and contusions of the anterior chest wall.

convicted of that crime. But that does not mean that appellant could not be found to have committed aggravated assault for purposes of the conspiracy indictment. On the contrary, the lower court found as a matter of fact that appellant intentionally caused serious bodily injury to Willy McDaniel.[6]

The judgments of sentence on the convictions for criminal conspiracy and simple assault are affirmed. The judgment of sentence on the conviction for unlawful restraint is reversed.

HOFFMAN and CERCONE, JJ., concur in the result.

---

6. 18 Pa. C.S. §2702 provides that a person is guilty of aggravated assault if he intentionally causes serious bodily injury to another.