368 A.2d 748

COMMONWEALTH of Pennsylvania

v.

James FARMER, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 16, 1976.

Decided Dec. 15, 1976.

Daniel-Paul Alva, Philadelphia, for appellant.

Eric J. Cox, Conshohocken, with him James A. Cunningham, Pottstown, Ross Weiss, Elkins Park, and William T. Nicholas, Norristown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

The issue presented on this appeal is a narrow one: Is the crime of attempted theft of the contents of an automobile a lesser included offense of the crime of attempted theft of an automobile? We hold that it is and therefore affirm the conviction.

On July 18, 1975, at approximately 12:00 noon, a detective of the Lower Merion Township police was on assignment surveilling a shopping center parking facility for the specific purpose of looking for larcenies of and from automobiles. While on duty the officer observed a Chevrolet occupied by two males, one white and one black, enter the parking area, drive slowly up and down the parking lanes, proceed down a ramp to a lower level and then park approximately 25 feet from a parked 1973 Chevrolet Monte Carlo. The appellant, a black male who was the passenger in the car, walked over to the Monte Carlo, bent over the door and started moving his arms up and down. The companion, noticing the approaching detective, pulled along side the Monte Carlo, the appellant entered his car and they quickly drove off. The detective ran to the locked Monte Carlo, noticed that there were scratches on the door and door lock, that the key slot was horizontal and found a key tumbler lying on the ground with fresh, soft putty on it.[1] The detective then used a portable radio to call in the description and license number of the automobile. Appellant's car was stopped by a patrol car about four tenths of a mile from the parking lot. The detective arrived approximately three minutes later, placed the appellant and his companion under arrest and observed inside the car, in plain view, a pair of channel lock pliers, and a pair of vicegrip pliers which can be used for removing car locks.

---

1. The testimony at trial revealed that this tumbler is evidently inserted in the space from which the original lock is removed so that upon a visual inspection of the car it will be difficult to note that it has been broken into.

Appellant was indicted for attempted theft of a 1973 Chevrolet Monte Carlo automobile, possession of certain instruments of crime and conspiracy and was found guilty in a non-jury trial of criminal attempt to commit theft of movable property (contents of a certain motor vehicle) and of conspiracy. Timely post-trial motions were filed, argued and denied. Appellant was sentenced to 6–12 months for the attempted theft of movable property, sentence on the conspiracy conviction was suspended. This appeal followed.

Appellant contends on this appeal that he was found guilty of a crime for which he was not charged, that attempted theft of the contents of an automobile is not a lesser included offense of attempted theft of an automobile, and that the evidence did not prove appellant's intent to commit the specific crime for which he was found guilty. The Commonwealth argues that the charge of attempted theft of the contents of an automobile is an integral part of the charge of attempted theft of an automobile for which the appellant was charged and indicted. In essence, its argument is that the theft of an automobile necessarily involves the theft of its contents and further that the appellant was not unfairly surprised when convicted of the attempted theft of the car's contents.

It is well-settled that upon an indictment for a particular crime, the defendant may be convicted of a lesser offense included within it. *Commonwealth v. McLaren,* 441 Pa. 522, 271 A.2d 281 (1970); *Commonwealth v. Soudani,* 398 Pa. 546, 159 A.2d 687, *cert. denied,* 364 U.S. 886, 81 S.Ct. 177, 5 L.Ed.2d 107 (1960); *Commonwealth v. Ackerman,* 239 Pa.Super. 187, 361 A.2d 746 (Price, J., filed 3/29/76); *Commonwealth v. Wilds,* 240 Pa.Super. 278, 362 A.2d 273 (Hoffman, J., filed 3/29/76); *Commonwealth v. Melnyczenko,* 238 Pa.Super. 203, 358 A.2d 98 (1976); *Commonwealth v. Carter,* 236 Pa.Super. 376, 344 A.2d 899 (1975); *Commonwealth v. White,* 232 Pa.Super. 176, 335 A.2d 436

(1975); *Commonwealth v. Nace,* 222 Pa.Super. 329, 295 A.2d 87 (1972). The essential inquiry thus becomes whether the greater offense of attempted theft of an automobile, a felony of the third degree, "necessarily involves," the lesser offense of theft of the contents of the automobile, a misdemeanor of the third degree in this case.[2] *Commonwealth ex rel. Moszczynski v. Ashe,* 343 Pa. 102, 21 A.2d 920 (1941); *Commonwealth v. Ackerman,* supra; *Commonwealth v. Nace,* supra. We therefore must determine whether all of the elements of attempted theft of the contents of an automobile are included in the greater offense of attempted theft of the automobile itself. *Commonwealth v. Ackerman,* supra; *Commonwealth v. Carter,* supra; *Commonwealth v. Nace,* supra.

An examination of some of the prior cases handed down by this Court is helpful in illustrating the required analysis when an application of the lesser included offense rule is in controversy. In *Commonwealth v. Ackerman,* supra, our Court concluded that unlawful restraint (18 Pa.C.S. § 2902) was not a lesser included offense in the crime of kidnapping (18 Pa.C.S. § 2901) because the element of serious bodily injury was a distinct element of the crime of unlawful restraint. Our Court specifically noted that due to the divergence in degree of the elements of bodily injury in the two crimes, proof of kidnapping was not necessarily proof of unlawful restraint. Likewise, in *Commonwealth v. Ruehling,* 232 Pa.Super. 378, 334 A.2d 702 (1975), our Court, through this writer, held that the crime of indecent assault (18 Pa.C.S. § 3126) did not merge nor was it a lesser included offense in the crime of statutory rape (18 Pa.C.S. § 3122). This conclusion was arrived at after noting that the requirement that the act be offensive or forceful is a necessary prerequisite to a conviction of

2. As we noted in *Commonwealth v. Ackerman,* supra, this test is similar to that of Fed.R.Crim.P. 31(c) which permits convictions for "necessarily included" offenses.

indecent assault but not for statutory rape. *Id.* at 383, 334 A.2d at 704.

Unlawful entry under the old Crimes Code had been held to be a lesser included offense in the crime of burglary. *Commonwealth v. Freeman,* 225 Pa.Super. 396, 313 A.2d 770 (1973). In that case the evidence was held to be insufficient to support the inference that the defendant intended to commit a larceny after unlawfully entering a building, but it was sufficient to prove that he intended *some crime.* His conviction for burglary was vacated by our Court and the case was remanded to enter a verdict of guilty of unlawful entry. *See Commonwealth v. Melnyczenko,* 238 Pa.Super. 203, 358 A.2d 98 (1976). The test therefore appears to be whether all of the essential elements of the lesser offense are included in the greater. *Commonwealth v. Ackerman,* supra; *Commonwealth v. Carter,* supra; *Commonwealth v. Nace,* supra. If the essential elements of attempted theft of the contents of an automobile are also elements of attempted theft of the car, then the former, being less culpatory, is a lesser included offense. *Commonwealth v. Ackerman,* supra. This precise issue has not been decided in any reported Pennsylvania case that we could find. However, unlike the preceding cases in which our appellate courts were faced with *alternate separate sections* of the Crimes Code in determining whether one offense was necessarily included in another, we are here concerned with a choice between possible convictions under the *same section* of our Crimes Code. 18 Pa.C.S. § 3921(a) defines theft of movable property by unlawful taking or disposition:

"(a) *Movable property.*—A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof."

and 18 Pa.C.S. § 901(a) defines criminal attempt as

"(a) *Definition of attempt.*—A person commits an attempt when, with intent to commit a specific crime,

he does any act which constitutes a substantial step toward the commission of that crime."

Appellant's conviction would have been under these sections whether he was convicted of the attempted theft of the automobile itself or convicted of the attempted theft of its contents. It necessarily follows that the elements of the crimes are identical. As a matter of principle, rationality and logic, because the same statutory provision is involved in either crime, an application of the lesser included rule is unavoidable.[3] The difference lies not in the *elements* of the crime, as traditionally is the case, but in the *gradation* of the offense proven, the latter being determined by the subject matter of the theft. 18 Pa.C.S. § 3903 provides, *inter alia*,

"(a) *Felony of the third degree.*—Theft constitutes a felony of the third degree if the amount involved exceeds $2,000, or if the property stolen is a . . . automobile . . . ..

"(b) *Other grades.*—Theft not within subsection (a) of this section, constitutes a misdemeanor of the first degree, except that if the property was not taken from the person or by threat, or in breach of fiduciary obligation, and:

(1) the amount involved was fifty dollars ($50) or more but less than two hundred dollars ($200) the offense constitutes a misdemeanor of the second degree; or

(2) the amount involved was less than fifty dollars ($50) the offense constitutes a misdemeanor of the third degree.

.    .    .    .    .    .    .    .

"(c)  .  .  .

(3) *When the value of property cannot be satisfactorily ascertained pursuant to the standards set*

---

**3.** The use of the term "lesser included offense" in this case is a bit of a misnomer since in fact we are dealing with the same section of the Crimes Code.

*forth in paragraphs (1) and (2) of subsection (c) its value shall be deemed to be an amount less than fifty dollars ($50).*

Appellant confuses the difference between the grading of crimes charged and the variance between crimes proven. The Commonwealth did prove that an attempted theft was committed. What it did not prove to the trial judge beyond a reasonable doubt was that the *subject matter* of the theft was the automobile itself. The trial court reasoned that given the wrongful attempt to gain entry to the automobile the appellant was entitled to the benefit of a reasonable doubt as to the greater offense of attempted theft of the automobile but that it was clear beyond a reasonable doubt that the appellant was attempting theft of at least its contents. (Lower Court Opinion, page 4, note 5). On this point the following colloquy occurred at trial: [4]

"THE COURT: Well, let's face facts, Mr. Alva.

"MR. ALVA (Attorney for Appellant): Yes, sir.

"THE COURT: On the other hand, one is not likely to go to the trouble of breaking a lock on a vehicle just for the fun of breaking the lock.

"MR. ALVA: Absolutely.

"THE COURT: So, if I say, if your defendant was in fact doing what the evidence would tend to indicate what somebody was doing, working with that lock, it was for the purpose of entering and stealing something.

"MR. ALVA: Something.

"THE COURT: Right?

"MR. ALVA: Something.

"THE COURT: Would you not then say under those circumstances, that it is at least a misdemeanor three?

"MR. ALVA: That the theft is a misdemeanor three.

---

**4.** Notes of Testimony pp. 61–62.

"THE COURT: Under Fifty dollars.

"MR. ALVA: Right . . .."

From an examination of the record it appears that the trial judge, sitting as a trier of fact, felt that absent a showing that the appellant actually went inside the car there was a reasonable doubt that he actually intended to steal the car.[5] *See Commonwealth v. Sanders*, 225 Pa. Super. 432, 311 A.2d 706 (1973). However, it is apparent from the record that the appellant, by attempting to break into the car, attempted to steal something, the identity of which remains unknown because of the fortuitous happening of the detective upon the scene of this crime before it could be completed. *See Commonwealth v. Freeman*, supra.

Appellant contends that the fact that there was no evidence as to any contents of the car susceptible to a theft precludes a conviction for attempted theft of the contents. This position is untenable. Every day our newspapers are replete with instances where car radios have been stolen, cars have been stripped of their instruments, seats, etc. and glove compartments emptied. Were we to require the police to allow a car to be stripped before a conviction for attempted theft of its contents could be sustained we would be requiring unnecessary damage to the property of the citizens of this Commonwealth. As the trial judge correctly reasoned, the appellant was attempting to steal something, and at the very least it would have been the car's contents *See generally Commonwealth v. Freeman*, supra.

---

5. At trial the colloquy occurred:
"THE COURT: I should think that the very first step of stealing a car is getting inside of it.
"MR. ALVA: Absolutely. And if they found the man inside the car I would have no argument. Now, this is exactly the line the Court must draw. How far back do you work from being inside the car.
"THE COURT: That far. This Court works back that far back." (Notes of Testimony, p. 66.)

■ Nor does the absence of testimony by the Commonwealth as to the value of any contents sought to be stolen warrant a reversal. Our Court has recently stated:

"Neither Section 3921 which details the crime nor Section 3901 which describes the property contains the element of value. We believe, therefore, that value is not an essential element of the crime of theft. Rather, the value of the stolen items becomes relevant only to establish the grade of the offense for purposes of imposing sentence." *Commonwealth v. McKennion*, 235 Pa.Super. 160, 163, 340 A.2d 889, 891 (1975).

*See Commonwealth v. Seymour*, 237 Pa.Super. 17, 346 A.2d 569 (1975) (applying rule to 18 Pa.C.S. § 3925). The court below correctly ruled that absent such testimony, the evidence in this case warranted a grading of the crime no worse than a misdemeanor of the third degree pursuant to Section 3903(c)(3).

Our conclusion is consistent with the standard enunciated in the American Law Institute's Model Penal Code, section 1.07(4), cited with approval by Justice ROBERTS in his concurring opinion in *Commonwealth v. Moore*, 463 Pa. 317, 325, 344 A.2d 850, 854 (1975):

"A defendant may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when:

(a) *it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;* or

(b) it consists of an attempt or solicitation to commit the offense charged or to commit an offense otherwise included therein; or

(c) it differs from the offense charged only in respect that a less serious injury or risk of injury to the same person, property or public interest or a lesser kind of culpability suffices to establish its commission."

Our inquiry does not end here, however. We also must decide whether the indictment in this case, charging the appellant with "attempted theft of an automobile" fairly put the appellant on notice of the charges against him so that he could have prepared an adequate defense. *Commonwealth v. Stots,* 227 Pa.Super. 279, 324 A.2d 480 (1974). Under the facts of this case, it is apparent that it did. Any defense that the appellant may have had to the charge of attempted theft of the automobile would have been identical to any defense he would have had to the charge of attempted theft of its contents. They would be the same since the acts constituting the attempted theft were identical in both instances. The only difference lies in the gradation of the offense, and since the Commonwealth introduced no evidence as to value, and the appellant received the lowest punishment authorized by the statute, he was in no way prejudiced by a conviction of the lesser included offense of attempted theft of the contents.

Judgment of sentence is affirmed.

HOFFMAN, J., files a concurring opinion, in which SPAETH, J., joins.

HOFFMAN, Judge, concurring:

I would concur in affirming the judgment of sentence based upon my Concurring Opinion in *Commonwealth v. Adams,* 236 Pa.Super. 534, 535, 345 A.2d 192 (1975).

SPAETH, J., joins in this concurring opinion.