Commonwealth *v.* McKennion, Appellant.

Submitted March 10, 1975. Before WATKINS, P.J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Arthur K. Dils,* and *Dils and Diveglia,* for appellant.

*Edwin W. Frese, Jr.,* and *Marion E. MacIntyre,* Deputy District Attorneys, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., June 24, 1975:

Appellant, Lawrence P. McKennion, was tried on May 6, 1974, before a judge sitting without a jury, and con-

victed of theft by unlawful taking or disposition.[1] The testimony revealed that on November 5, 1973, at approximately 6:00 a.m., appellant was observed removing a typewriter from the Labor and Industry Building in Harrisburg, and placing it into his state car. On November 8, 1973, appellant was again seen as he removed a calculator from the Labor and Industry Building and placed it into his own car. On this occasion, appellant was followed by the State Police, who watched appellant take the calculator from the back seat of his car and put it into the trunk.

With this information, the State Police obtained a search warrant for the car and served it upon appellant at the State Police Barracks at 21st and Herr Streets. When they opened the trunk, the officers saw two stolen office machines, a typewriter and a calculator. Appellant was subsequently advised of his *Miranda* rights and questioned. He admitted the theft of the two machines and stated that he had taken approximately twenty others. All of the machines had been sold to Alderman Irvin Harrison, who paid appellant $25 to $50 for each item. Appellant further indicated that he had taken all of the machines to the back office of Alderman Harrison, and that he believed several were still there.

The State Police then obtained a search warrant for Alderman Harrison's office at 1246 Market Street. The search uncovered nine additional stolen machines.

Appellant was charged with theft by unlawful taking or disposition of the eleven machines in two separate indictments, which were consolidated for trial. Appellant was found guilty on both indictments. Post-trial motions were filed and denied, and on September 11, 1974, appellant was sentenced to two concurrent terms of imprisonment of 6 to 23 months. On October 4, 1974, this appeal was filed.

---

1. Act of Dec. 6, 1972, P.L. 1482, No. 334, §1 (18 Pa.C.S. §3921).

Appellant first contends that his conviction should be overturned because the Commonwealth introduced evidence obtained as the result of an illegal search. However, appellant failed to raise the legality of the search in a pre-trial application as required by Pa.R.Crim.P. 304 and 305. Therefore, we cannot consider this issue on appeal. *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

Appellant next asserts that Section 3903 of the Crimes Code in effect at the time of his trial[2] is unconstitutional. He believes that Section 3903 placed upon him the burden of proof of an essential element of the crime of theft, that being the value of the stolen property. We cannot agree with appellant's position.

Section 3921(a) of the Crimes Code, "theft by unlawful taking or disposition," describes the elements of the conduct which constitutes theft of movable property:

"A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof."

"Movable property" is defined in Section 3901 of the Act of Dec. 6, 1972, P.L. 1482, No. 334, §1 (18 Pa. C.S. §3901), as "property, the location of which can be changed, including things growing on, affixed to, or found in land, and documents although the rights represented thereby have no physical location."

Neither Section 3921 which details the crime nor Section 3901 which describes the property contain the element of value. We believe, therefore, that value is not an essential element of the crime of theft. Rather, the value of the stolen items becomes relevant only to establish the grade of the offense for purposes of imposing sentence.

---

2. Act of Dec. 6, 1972, P.L. 1482, No. 334, §1 (18 Pa.C.S. §3903). This section was amended by the Act of June 17, 1974, P.L. 356, No. 118, §1, effective June 17, 1974. The effect of the amendment will be discussed in the opinion, *infra.*

In the instant case, there is no contention that the evidence was insufficient to establish appellant's culpability in terms of Section 3921(a). Having determined that appellant was indeed culpable of theft, our next inquiry is to determine the degree of his guilt for purposes of imposing sentence.

It is at this point that Section 3903 becomes significant. That section before amendment indicated that theft offenses were to be graded as follows:

"(a) Felony of the third degree.—Theft constitutes a felony of the third degree if the amount involved exceeds $2,000, or if the property stolen is a firearm, automobile, airplane, motorcycle, motorboat or other motor-propelled vehicle, or in the case of theft by receiving stolen property, if the receiver is in the business of buying or selling stolen property.

(b) Other grades.—Theft not within subsection (a) of this section, constitutes a misdemeanor of the first degree, except that if the property was not taken from the person or by threat, or in breach of a fiduciary obligation, and the actor proves by a preponderance of the evidence that:

(1) the amount involved was $50 or more but less than $200 the offense constitutes a misdemeanor of the second degree; or

(2) the amount involved was less than $50 the offense constitutes a misdemeanor of the third degree.

(c) Valuation.—The amount involved in a theft shall be deemed to be the highest value, by any reasonable standard, of the property or services which the actor stole or attempted to steal. Amounts involved in thefts committed pursuant to one scheme or course of conduct, whether from the same person or several persons, may be aggregated in determining the grade of the offense."

Appellant contends that because Section 3903 (b) required "the actor" to prove the value of the stolen goods, the section was unconstitutional. He further contends that requiring "the actor" to come forward with evidence of value at the sentencing proceeding forces him to bear witness against himself without regard to his guilt or innocence. We believe, however, that the presumption of innocence does not attach to a sentencing hearing, for at that time, a defendant stands before the bench as a convicted felon or misdemeanant. Therefore, whether evidence of the value of the stolen goods is introduced at trial or during the sentencing proceedings is not relevant to a determination of guilt and does no injustice to the presumption of innocence.

Moreover, this rationale is consistent with Section 106[3] which enumerates the classes of offenses. Section 106 provides in relevant part:

"(b) *Classification of crimes.—*

. . .

(4) A crime is a felony of the third degree if it is so designated in this title or if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than seven years.

(5) A crime declared to be a felony, without specification of degree, is of the third degree.

(6) A crime is a misdemeanor of the first degree if it is so designated in this title or if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than five years.

(7) A crime is a misdemeanor of the second degree if it is so designated in this title or if a per-

---

3. Act of Dec. 6, 1972, P.L. 1482, No. 334, §1 (18 Pa.C.S. §106).

son convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than two years.

(8) A crime is a misdemeanor of the third degree if it is so designated in this title or if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than one year.

. . .

(e) *Section applicable to other statutes.*—An offense hereafter defined by any statute other than this title shall be classified as provided in this section."

Section 106 establishes degrees for purposes of sentencing only. Nothing in Section 106 changes the *elements* of the crimes classified therein. The section merely provides for different punishments, depending upon the severity of the proscribed conduct detailed elsewhere in the Crimes Code. Section 3903 has the same impact upon the theft crimes.

We hold, therefore, that Section 3903 did not unconstitutionally burden the accused with proof of an essential element of the crime of theft, nor force him to incriminate himself. Section 3903 relates only to the grading of the offense for purposes of sentencing, and not to the elements of the crime of theft. We recognize that the amendment to Section 3903, to a large extent, has made this a moot issue. The amendment, Act of June 17, 1974, P.L. 356, No. 118, §1 (18 Pa.C.S. §3903), has clarified the legislature's intention to place the burden of proof of the market value of the stolen goods upon the Commonwealth.[4] The amendment became effective on June 17, 1974, well after the trial of the instant case, and has no bearing upon this decision.

Judgment affirmed.

---

4. The sufficiency of the evidence to establish market value is not an issue raised on this appeal.

DISSENTING OPINION BY HOFFMAN, J.:

Appellant contends that the version of §3903 (b) of the Crimes Code[1] applicable at the time of his trial unconstitutionally places the burden of proof of an essential element of the crime of theft on the criminal defendant.[2]

Appellant was observed on November 5, 1973, and November 8, 1973, removing typewriters and other office machines from the Pennsylvania Department of Labor and Industry Building in Harrisburg, and was charged in two separate indictments with theft of movable property.[3] Following trial, appellant was convicted of both charges by a judge sitting without a jury. Post-trial motions attacking the constitutionality of §3903 (b) were filed and denied, and appellant was sentenced to a prison term of six to twenty-three months on each charge, the sentences to run concurrently.

Prior to the adoption of the new Crimes Code, all persons convicted of larceny were subject to the same penalties.[4] The legislature eliminated this possibility by

---

1. Act of 1972, Dec. 6, P.L. 1482, No. 334, §1, eff. June 6, 1973; 18 Pa.C.S. §3903.

2. Appellant's second contention was not properly preserved for appeal. Part of the Commonwealth's evidence against appellant consisted of office machines obtained during the search of an alderman's office. Prior to this search, appellant had informed the police that he had sold some of the office machines to the alderman. At the alderman's trial, the court suppressed the evidence because the search warrant was invalid. Appellant argues that the evidence is the fruit of an unlawful search and thus was improperly introduced against him. The lower court ruled that the search of the alderman's office did not violate any of appellant's Fourth Amendment rights. We need not pass on the propriety of that ruling because appellant failed to file a pre-trial motion to suppress evidence as required by Rule 323 (b) of the Pennsylvania Rules of Criminal Procedure. Thus, appellant has waived any argument as to the admissibility of this evidence.

3. Act of 1972, supra, n.1; 18 Pa.C.S. §3921.

4. "Whoever commits larceny, is guilty of felony, and shall,

adopting §3903, which established four different grades for theft offenses.[5] The version of §3903 applicable at the time appellant was tried reads in pertinent part:

"(a) Felony of the third degree.—Theft constitutes a felony of the third degree if the amount involved exceeds $2,000, or if the property stolen is a firearm, automobile, . . . or other motor-propelled vehicle, or in the case of theft by receiving stolen property, if the receiver is in the business of buying or selling stolen property.

"(b) Other grades.—Theft not within subsection (a) of this section constitutes a misdemeanor of the first degree, except that if the property was not taken from the person or by threat, or in breach of a fiduciary obligation, *and the actor proves by a preponderance of the evidence that:*

"(1) the amount involved was $50 or more but less than $200 the offense constitutes a misdemeanor of the second degree; or

"(2) the amount involved was less than $50 the offense constitutes a misdemeanor of the third degree. . . ." (Emphasis added).[6]

If the property stolen is not one of the items enumerated in §3903(a), and if the Commonwealth does not prove

upon conviction thereof, be sentenced to pay a fine not exceeding two thousand dollars, . . . or to undergo imprisonment, . . . not exceeding five (5) years, or both." 1939, June 24, P.L. 872, §807; 18 P.S. §4807.

5. Section 3903 is similar to §223.1(2) of the Model Penal Code. (Proposed Official Draft 1962).

6. Section 3903 was amended by the Act of June 17, 1974, P.L. 356, No. 118, §1, eff. imd.; 18 Pa.C.S. §3903. The amendment deleted the language italicized above, thereby relieving the defendant of the burden of proving the value of the stolen items and placing the burden on the Commonwealth. Although appellant was not sentenced until September 11, 1974, after the effective date of the amendment, his contention refers to the conduct of the trial, not the sentence imposed. The amendment also changed the method of valuation provided for in subsection (c). See n. 7, infra.

that the stolen property had a value in excess of $2,000, the defendant is guilty of a misdemeanor of the first degree, which carries a maximum penalty of five years' imprisonment. See 18 Pa.C.S. §1104. If, however, the *defendant* proves that the value of the stolen property was less than $200, he can only be sentenced to a maximum of two years' imprisonment, and if he proves that the value was less than $50, he can receive only a one-year sentence. *Id.* Appellant contends that §3903(b) creates three separate crimes of theft, and that because value is an element of each crime, it is unconstitutional to place the burden of proving value on a defendant.

It is axiomatic that a criminal defendant is presumed innocent and that the Commonwealth has the burden of proving beyond a reasonable doubt "the existence of every fact necessary to constitute the crime charged." *In re Winship,* 397 U.S. 358, 363 (1970), quoting *Davis v. United States,* 160 U.S. 469, 493 (1895). The lower court held that §3903(b) does not shift the burden of proof of an element of the crime from the Commonwealth to the defendant: "The Commonwealth, of course, does have the burden of proving property was taken by a particular person to meet the provisions relative to 'theft by unlawful taking' and imposes no requirement upon a defendant to prove his innocence. The burden placed on a defendant is to show *after he has been convicted* that he should be punished as a perpetrator of a crime of the second or third degree rather than the first degree. This does not violate any presumption of innocence because at this stage the defendant has been found guilty. Thus the requirements of 3903(b) which grades theft offenses are applicable merely to sentencing." (Emphasis added). Apparently, the lower court was of the belief that §3903 created a two-step process: (1) a determination of whether the defendant is guilty of theft without regard to the value of the property stolen; and (2) a hearing to determine the degree of guilt. Such a procedure does not

appear on the face of the statute. If the legislature intended to introduce a novel procedure for the prosecution of theft offenses, it would have done so explicitly. Thus, the lower court erroneously concluded that the defendant does not have the burden of proving value until his guilt has already been shown: under §3903(b), if the defendant seeks to reduce his sentence by proving the value of the stolen goods, he would have to do so at trial.

Because the lower court concluded that §3903(b) did not shift the burden of proof during a trial for theft, it did not consider the issue of whether the statute creates three separate offenses, as appellant contends. If it does, and if value is an element of each offense, §3903(b) must be held unconstitutional because it places the burden of proving an element of the crime on the defendant.

It may be argued that the legislature established one crime of theft, a misdemeanor in the first degree. If the Commonwealth proves that the property stolen was in excess of $2,000 or that the property was a firearm or an automobile, the crime rises to a third degree felony under §3903(a). On the other hand, if the defendant proves that the value was less than $200 or less than $50, the crime is reduced to a misdemeanor of the second or third degree. Thus, the argument goes, the legislature has created one crime of theft, punishable as a misdemeanor of the first degree, and has afforded the defendant the opportunity, at trial, to prove mitigating circumstances to reduce the possible sentence. This argument, however, fails to adhere to the General Provisions of the Crimes Code announced by our legislature.

In §106 of the Code, the "Classes of offenses" are enumerated: "(a) General rule.—An offense defined by this title for which a sentence of death or of imprisonment is authorized constitutes a crime. The classes of crime are: (1) Murder of the first degree. (2) Felony of the first degree. (3) Felony of the second degree. (4) Felony of the third degree. (5) Misdemeanor of the first

degree. (6) Misdemeanor of the second degree. (7) Misdemeanor of the third degree." If the three grades of misdemeanors constitute separate classes of crime, it follows that conduct punishable as a misdemeanor of the second or third degree constitutes a crime separate from conduct punishable as a misdemeanor of the first degree. The language of §3903 (b) also compels this conclusion. Theft not within subsection (a) is a misdemeanor of the first degree. However, if the defendant proves that the value of the stolen property was less than $200 *"the offense* constitutes a misdemeanor of the second degree."* (Emphasis added). Thus, the different grades of offenses refer to actual prohibited conduct, and are not merely considerations relative to sentencing: a misdemeanor of the first degree makes criminal the theft of property having a value between $200 and $2000; a misdemeanor of the second degree involves the theft of property valued between $50 and $200; and a misdemeanor of the third degree involves property having a value of less than $50. Each grade prohibits different conduct, and, therefore, each grade constitutes a separate crime.

The determination of which offense has been committed depends upon the value of the stolen property. Value, therefore, is an element of each of the three theft crimes created by §3903 (b); " 'Element of an offense.' Such conduct or such attendant circumstances or such a result of conduct as: (1) is included in the description of the forbidden conduct in the definition of the offense." 18 Pa.C.S. §103. Thus the burden of proving the value of the stolen items must rest with the Commonwealth.[7]

---

7. It is true that only one indictment will be required, and that the trial court could sentence under only one of the grades. This does not support the proposition that §3903 (b) created only one crime. The reason that only one indictment need be filed, and that only one sentence can be imposed, is that the second and third degree misdemeanors of §3903 (b) are lesser included offenses to the first degree misdemeanor. Thus, if a defendant is guilty of the theft of property worth more than $200 (but less than $2,000), he

*In re Winship,* supra. Consequently, that portion of the statute which requires the defendant to prove value should be declared unconstitutional. In the present case, the Commonwealth failed to sustain its burden of proof because it put forth no evidence in regard to valuation.[8] Thus, appellant should only be found guilty of a misdemeanor of the third degree and should receive a maximum sentence of only one year. The sentence imposed by the court below was in excess of the statutory limit and hence was illegal.

I would vacate the judgment of sentence and remand for resentencing only.

CERCONE and SPAETH, JJ., join in this dissenting opinion.

---

is obviously also guilty of the theft of property worth between $50 and $200, and the theft of property worth less than $50.

When one crime necessarily involves another, the offenses merge. *Commonwealth v. Nelson,* 452 Pa. 275, 305 A. 2d 369 (1973). In the present context, it is obvious that if the Commonwealth proves that the defendant was guilty of the theft of property worth more than $200, no additional proof is needed to show that the defendant also was guilty of the theft of property worth more than $50. The lesser crimes are constituents of the more serious offense, and thus only one sentence may be imposed. *Commonwealth v. Nelson,* supra. See also *Commonwealth v. Hill,* 453 Pa. 349, 310 A. 2d 88 (1973).

8.  Before the June 17, 1974 amendment, §3903(c) provided: "Valuation.—The amount involved in a theft shall be deemed to be the highest value, by any reasonable standard, of the property or services which the actor stole or attempted to steal..." Under the amended §3903(c), value means market value, unless "such cannot be satisfactorily ascertained," in which case value means "the cost of replacement of the property within a reasonable time after the crime." If the value cannot be ascertained by either of these standards, the value shall "be deemed to be an amount less than fifty dollars...." Under either version, the party having the burden of proving valuation would have to produce *some* evidence in support of its contention. In the present case, the Commonwealth introduced no evidence at all. It is not necessary at this time to decide exactly what form and quantity of proof of value is necessary.