## Commonwealth v. Ruth

*Joseph V. Huber, Assistant District Attorney,* and *George J. Joseph, District Attorney,* for Commonwealth.

*Charles J. Hair* and *Snyder, Doll & Schantz,* for defendant.

DAVISON, *J.,* December 17, 1975—The question before us is whether Pa. R. Crim. P. 304(e)

precludes a defendant who had filed a pretrial application to quash an indictment from subsequently filing a pretrial application to suppress evidence under Pa. R. Crim. P. 323.

The charges arise out of an automobile collision which occurred on Route 309 in Coopersburg, Pa., on November 12, 1974, in which defendant was one of the drivers. Defendant was transported to the Coopersburg Police Department where certain tests were administered by a police officer to determine the alcohol level in defendant's body. He allegedly made certain statements to a police officer concerning the occurrence of the accident.

On April 9, 1975, defendant filed an application to quash the indictment which, following a hearing before the Hon. Donald E. Wieand on June 24, 1975, was denied.

On August 29, 1975, defendant filed an application to suppress the evidence for reasons which defendant concedes were known or should have been known to him at the time the application to quash the indictment was filed and heard. The Commonwealth thereafter filed a motion to dismiss the suppression application.

The Commonwealth's theory on its motion to dismiss the pretrial application to suppress the evidence, based on Pa. R. Crim. P. 304(e), is that by filing his application to quash the indictment without including therein the application to suppress evidence, defendant waived the latter grounds for relief. Defendant counters that Pa. R. Crim. P. 323, on which his application is based, was not intended to be included within the purview of Pa. R. Crim. P. 304.

We have reviewed the contentions of each party, researched the applicable history and reported de-

cisional law and conclude that Pa. R. Crim. P. 323 *is* within the purview of Pa. R. Crim. P. 304. Therefore, the Commonwealth's motion must be granted.

Pa. R. Crim. P. 304(e) unequivocally provides that all grounds for pretrial relief are to be made in one application, and that any grounds not included are waived. That Pa. R. Crim. P. 304 applies to suppression hearings under Pa. R. Crim. P. 323 was decided in Commonwealth v. McKennion, 235 Pa. Superior Ct. 160, 340 A.2d 889 (1975). There, the Superior Court cited Pa. R. Crim. P. 304 and 305 as authority in deciding that a conviction should not be reversed because of the introduction of evidence obtained as the result of an illegal search where defendant failed to file a pretrial application.

Furthermore, the history of Pa. R. Crim. P. 304 and 323 indicates that they were not intended to operate independently of each other. Pa. R. Crim. P. 323, except for part (f), whose 1972 amendment is irrelevant for our purposes, was promulgated in its present form November 25, 1968: In re Order Amending Rule 323 of the Rules of Criminal Procedure, 432 Pa. xxxv (1968). Prior thereto, Pa. R. Crim. P. 323 and 324, as adopted March 15, 1965 (Order Adopting Rules of Criminal Procedure Governing Confession Procedure, 417 Pa. xxvii (1965)), provided the method of applying to suppress confessions on grounds of involuntariness and denial of counsel, and Pa. R. Crim. P. 2000 and 2001, as adopted March 7, 1963 (Order Adopting Rules of Criminal Procedure Governing Applications for Relief from Illegal Search and Seizure, 412 Pa. li (1963)), spelled out how to apply for relief from an illegal search and seizure. The present

version of Pa. R. Crim. P. 323 abrogated these earlier rules and was designed to provide for a single proceeding for the suppression of evidence alleged to have been obtained in violation of a defendant's constitutional rights. See Note and Comment to Pa. R. Crim. P. 323.

Pa. R. Crim. P. 304 was adopted on June 30, 1964, before Pa. R. Crim. P. 323. Thus, failure of the comment to Pa. R. Crim. P. 304 to include suppression of evidence on the list of 12 types of relief requiring pretrial applications does not indicate an intent by the framers of the rules to make that type of relief independent of Pa. R. Crim. P. 304. Suppression of the fruits of unlawful searches and seizures under then existing Pa. R. Crim. P. 2000 and 2001 was omitted from the aforementioned list, but the comment stated that the list was not all-inclusive. Also, the present version of Pa. R. Crim. P. 323 basically adopted the procedures of Pa. R. Crim. P. 323 as passed in 1965—not those of Pa. R. Crim. P. 2000 and 2001—and the note to the 1965 Pa. R. Crim. P. 323 stated:

"The form, filing and service of such applications and answers will be as prescribed in Pa. R. Crim. P. 304 to 308, inclusive."

Therefore, the history of Pa. R. Crim. P. 323 suggests that the rule does fall within the purview of Pa. R. Crim. P. 304, not outside, as contended by defendant.

Defendant validly argues that Pa. R. Crim. P. 305, which appears to apply to all applications to which Pa. R. Crim. P. 304 does, and Pa. R. Crim. P. 323(b) are both basically the same provision relating to timeliness of application. But it does not necessarily follow that the rules' framers intended Pa. R. Crim. P. 323 to be outside the purview of Pa. R. Crim. P. 304, particularly since Pa. R. Crim. P.

323(b) was probably intended to make clear that the application to suppress evidence must now be filed ten days before trial instead of five days, as previously provided under Pa. R. Crim. P. 323, 324 and 2001.

Defendant also contends that the proceedings under Pa. R. Crim. P. 304 and the types of pretrial applications enumerated in the comment to that rule are very much different from the proceedings under Pa. R. Crim. P. 323. The differences include that Pa. R. Crim. P. 323 (1) requires a closed hearing; (2) allows the hearing to be either prior to or during trial; (3) was designed to facilitate the conduct of the trial if an evidentiary problem arose; and (4) places the burden to proceed and prevail upon the Commonwealth. But the first three differences all existed under the 1965 Pa. R. Crim. P. 323 and 324. Thus, the present Pa. R. Crim. P. 323 is fundamentally the same in nature as the 1965 version of Pa. R. Crim. P. 323 and 324, which the framers intended to be within the purview of Pa. R. Crim. P. 304.

Significantly, defendant has conceded that he had reason to know of the grounds for this application at the time he filed the application to quash the indictment. Therefore, a previous opportunity to file this application did exist, and the interests of justice do not require that we permit defendant to file this application: Pa. R. Crim. P. 323(b). To decide otherwise, in the present posture of this proceeding, would only serve to delay the trial of the case.

### ORDER

Now, December 17, 1975, after consideration of briefs and argument of counsel, it is ordered that the application of the district attorney to dismiss defendant's pretrial application to suppress evidence be, and the same is hereby, granted.