406 A.2d 763
**COMMONWEALTH of Pennsylvania**
v.
**Curt L. ROLINSKI, Appellant.**
Superior Court of Pennsylvania.
Submitted Dec. 8, 1978.
Decided June 15, 1979.

Joel Harvey Slomsky, Philadelphia, for appellant.

Ronald L. Buckwalter, District Attorney, Lancaster, for Commonwealth, appellee.

Before PRICE, SPAETH and WATKINS, JJ.

SPAETH, Judge:

This is an appeal from a judgment of sentence for criminal conspiracy, and delivery of methamphetamine in violation of the Controlled Substances Act.

Appellant first argues that the information charging him with delivery of methamphetamine was invalid because it only alleged that he made the delivery "feloniously," and failed to allege that he made the delivery "knowingly" or "intentionally."

■ The provision of the Controlled Substances Act under which appellant was convicted provides, in part: "[e]xcept as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a con-

trolled substance by a person not registered under this act [is prohibited]." Act of Apr. 14, 1972, P.L. 233, No. 64, § 13, *as amended,* 35 P.S. § 780–113(a)(3). The information charging appellant specifically alleged that he delivered a controlled substance, and that he was not registered to do so. To this extent, the information is sufficient as a matter of law, for it is drawn in the language of the statute. *Commonwealth v. Bradshaw,* 238 Pa.Super. 22, 364 A.2d 702 (1975). Appellant, however, looks to 18 Pa.C.S. § 302(a), an entirely separate provision in the Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973, and argues that under its terms the Commonwealth was required to allege in the information that he had acted "knowingly" or "intentionally."

In reviewing the validity of criminal pleadings, this court looks more to substantial justice than to technicalities. *Commonwealth v. DiEmidio,* 198 Pa.Super. 571, 578, 182 A.2d 537, 540 (1962), *rev'd on other grounds, sub nom. Commonwealth v. Yobbagy,* 410 Pa. 172, 188 A.2d 750 (1963). The purpose of an indictment, and of an information, is to provide the accused with sufficient notice to prepare a defense, and to ensure that he will not be tried twice for the same act. *Commonwealth v. Ackerman,* 239 Pa.Super. 187, 361 A.2d 746 (1976); *Commonwealth v. Brown,* 229 Pa.Super. 67, 323 A.2d 845 (1974). We fail to see how appellant was hindered in preparing his defense simply because the information charged that he "feloniously" delivered a controlled substance, without giving a more specific description of the mental state the Commonwealth intended to prove. The existence of *mens rea* was at issue, as appellant's counsel must have known, without special notice in the information. If appellant wished to argue that he lacked *mens rea,* for example because he delivered something without knowing it contained methamphetamine, the information gave him sufficient notice of the charge for him to prepare that defense.

*Commonwealth v. Walters,* 250 Pa.Super. 392, 378 A.2d 993 (1977), is distinguishable. In *Walters,* a prosecution for

receiving stolen property, the statutory provision under which the accused was charged explicitly required as an element of the offense that the goods be received "intentionally." Here, in contrast, there is no such requirement in the provision that defines the offense.

■ Appellant next argues that the second count of the information, charging him with conspiracy, is invalid because it failed to allege the commission of an overt act as required by Section 903(e) of the Crimes Code, *supra.*

Appellant was specifically charged with delivering a controlled substance, which is plainly an overt act in furtherance of the conspiracy. Although appellant is correct that the Commonwealth erred by not incorporating the first count into the second by making reference to it, this is a technical defect, which can be cured even after verdict. *Commonwealth v. Ackerman,* 239 Pa.Super. 187, 361 A.2d 746 (1976). The salient point is that the information did charge appellant with an overt act, which made it clear that the Commonwealth intended to prove that the conspiracy was in process of being carried out, and was not simply an idea in the minds of the conspirators. *See Yates v. United States,* 354 U.S. 298, 334, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957); S. Toll, Pennsylvania Crimes Code Annotated, at 251–52 (1974).

■ Appellant finally argues that the trial judge's charge to the jury on the issue of *mens rea* was inadequate because the court failed to read to the jury those sections of the Crimes Code that define "knowingly" and "intentionally," 18 Pa.C.S. § 302(b), and that trial counsel was ineffective for failing to object to this omission. This argument is without merit. The judge instructed the jury that they could not convict appellant unless he acted with knowledge that an illegal substance was to be delivered, and with an intent to effect that delivery. The judge simply chose to use his own words rather than read the statute.

Affirmed.