439 A.2d 131

**COMMONWEALTH of Pennsylvania,**

v.

**Reginald McNEILL, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 20, 1981.

Filed Dec. 4, 1981.

320

Charles R. Bernsee, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, DiSALLE and POPOVICH, JJ.

DiSALLE, Judge:

Appellant, Reginald McNeill, was convicted of escape in a non-jury trial. 18 Pa.C.S.A. § 5121(a). The sentencing court graded the offense as a felony of the third degree and sentenced appellant to be incarcerated for one to five years. 18 Pa.C.S.A. § 5121(d); 18 Pa.C.S.A. § 1103.

18 Pa.C.S.A. § 5121 states:

(a) Escape—A person commits an offense if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period.

*    *    *    *    *    *

(d) Grading—

(1) An offense under this section is a felony of the third degree where:

(i) the actor was under arrest for or detained on a charge of felony or following conviction of crime;

(ii) the actor employs force, threat, deadly weapon or other dangerous instrumentality to effect the escape; or

(iii) a public servant concerned in detention of persons convicted of crime intentionally facilitates or permits an escape from a detention facility.

(2) Otherwise an offense under this section is a misdemeanor of the second degree.

Appellant contends that the sentencing court erred when it graded his escape as a felony of the third degree, § 5121(d)(1), rather than as a misdemeanor, § 5121(d)(2). He argues that his sentence is illegal because the trial court found him guilty only on the first count of the criminal information filed against him. The first count, he argues,

does not contain any information which would permit his escape to be graded as a felony. We agree.

The first count of the information reads:

First count—that on or about February 24, 1979 in Philadelphia County, Reginald McNeill did unlawfully remove himself from official detention following temporary leave granted for a specific purpose or limited period.

This count is an almost verbatim recitation of the statutory definition of escape, § 5121(a), *supra*, but is silent on the grade of the offense.

In *Commonwealth v. Longo*, 269 Pa.Super. 502, 410 A.2d 368 (1979), our court vacated a judgment of sentence and remanded for resentencing a conviction for retail theft. 18 Pa.C.S.A. § 3929 (Supp. 1981–82). In *Longo* we held that an indictment for retail theft must state that the defendant has at least two prior convictions for retail theft before the defendant's conviction may be graded as a felony of the third degree; otherwise the conviction must be graded as a misdemeanor. We stated that "Retail Theft is an offense 'different in kind and character from' Retail Theft, Third Offense." *Id.*, 269 Pa.Super. at 503, 410 A.2d at 369. *Accord Commonwealth v. Herstine*, 264 Pa.Super. 414, 399 A.2d 1118 (1979).

■ The statute defining escape, like that dealing with retail theft, incorporates the grading of the offense. We therefore hold that escape under § 5121(d)(1), felony of the third degree, is "different in kind and character from" § 5121(d)(2), misdemeanor of the second degree. Consequently, if an indictment or information fails to set forth the degree of the offense, a conviction for escape must be graded as a misdemeanor of the second degree. *See Commonwealth v. Jones*, 279 Pa.Super. 93, 420 A.2d 1046 (1980) (grading of defendant's escape conviction upheld because the information identified the charge as a felony).

■ In the present case appellant was convicted only on the first count of the indictment which makes no reference to the degree of the offense. Appellant, therefore, may be

sentenced only to a maximum of two years imprisonment. 18 Pa.C.S.A. § 5121(d)(2); 18 Pa.C.S.A. § 1104. The sentence imposed, imprisonment for one to five years, is beyond this statutory limit and therefore illegal. *See Longo, supra.*

■ Nor may the Commonwealth rely on the second or third counts of the indictment to upgrade the conviction to a felony because the trial court failed to find appellant guilty of those counts.[1] The sentencing court is limited to the trial court's finding of guilt only on the first count and is, therefore, restricted to the language of the first count. For this same reason the sentencing court may not upgrade the conviction based on trial testimony that appellant was in official detention as the result of a felony conviction. *See Longo, supra.*

Judgment of sentence vacated and case remanded for resentencing.[2]

POPOVICH, J., files a dissenting opinion.

POPOVICH, Judge, dissenting:

Appellant argues, and the Majority agrees, that because he was found guilty of only the First Count of a three count Information charging Escape, which provided:

"First count—that on or about February 24, 1979 in Philadelphia County, Reginald McNeill did unlawfully re-

1. The second and third counts of the indictment state: Second Count—That on the same day and year, in Philadelphia County, REGINALD MCNEILL feloniously did remove himself from official detention or fail to return to official detention following temporary leave granted for a specific purpose or limited period, the said defendant being under arrest for or detained on a charge of felony or following conviction of crime.
Third Count—That on the same day and year, in Philadelphia County, REGINALD MCNEILL feloniously did remove himself from official detention or fail to return to official detention following temporary leave granted for a specific purpose or limited period, the said defendant employing force, threat, deadly weapon or other dangerous instrumentality to effect the escape.

2. The sentencing court is directed to place on the record its reasons for the sentence it imposes on appellant. *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977).

move himself from official detention following temporary leave granted for a specific purpose or limited period[,]" the prosecution's failure to set forth therein any information which would permit his escape to be graded a felony, the sentence imposed should not have "exceeded the two (2) year sentence otherwise provided by 18 P.S. 5121(d)(2)[ ]" for misdemeanor violations. (Appellant's Brief at 6) I do not agree.

Pennsylvania practice requires that an Information contain "a plain and concise statement of the *essential elements* of the offense substantially the same as or cognate to the offense alleged in the complaint; . . . ." (Emphases added) Pa.R.Crim.P. 225(b)(5). As we stated in *Commonwealth v. McIlwain School Bus Lines, Inc.*, 283 Pa.Super. 1, 4, 423 A.2d 413, 414 (1980):

> "This requirement[, i.e., for a plain and concise statement of the *essential elements* of the offense,] is based on Article I, Section 9, of the Pennsylvania Constitution, which provides that '[i]n all criminal prosecutions the accused hath a right . . . to demand the nature and cause of the accusation against him.' This provision in turn is founded on principles of fairness to the accused:
>
>> In a criminal prosecution it is imperative that a defendant be given clear notice of the charges against him . . . . A defendant should not have to guess which charges have been placed against him. If the charges in an indictment [or information] are not clear and explicit a defendant cannot properly defend against them. *Commonwealth v. Wolfe*, 220 Pa.Super. 415, 419, 420, 289 A.2d 153[, 155] (1972)."
>
> *Accord Commonwealth v. Diaz*, 477 Pa. 122, 124, 383 A.2d 852, 854 (1978); *see generally Hackney v. United States*, D.C.App. 389 A.2d 1336, 1341 (1978).

Based on the aforesaid, in determining the sufficiency of an Information or Indictment, the salient points to be considered are, first, whether it contains the elements of the offense intended to be charged, and sufficiently apprises the accused of what he must be prepared to meet; secondly, in

case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. *See Russell v. United States,* 369 U.S. 749, 763–764, 82 S.Ct. 1038, 1047, 8 L.Ed.2d 240 (1962) (citing cases); *Commonwealth v. Rolinski,* 267 Pa.Super. 199, 406 A.2d 763 (1979).

In accordance with Pa.R.Crim.P. 225(b)(5), and the first prong in *Russell,* one observes that the *essential elements* necessary to prove one guilty of Escape consists of establishing that the accused: 1) unlawfully removed himself from official detention; or 2) failed to return to official detention following temporary leave granted for a specific purpose or limited purpose. 18 Pa.C.S.A. § 5121(a). Consistent with the preceding, the prosecution set forth in the First Count of the Information only those essential elements necessary to find the appellant guilty of Section 5121(a), which placed him on notice of the offense being charged. As a result, I find the fact that the First Count "is silent on the grade of the offense" not to be inimical to the validity of the Information, such that the sentence imposed by the trial court for the felony conviction is vitiated. *See Bannon v. United States,* 156 U.S. 464, 15 S.Ct. 467, 39 L.Ed. 494 (1895) (indictment not fatally defective for failing to state that the crime charged was "feloniously" committed, since such term was not a part of the description of the offense in the statute); *see also* Pa.R.Crim.P. 225(c).[1] Although the prosecution should plead the matters that affect the severity of

---

1. Section (c) of Rule 225 provides: "The information shall contain the official or customary citation of the statute and section thereof, or other provision of law which the defendant is alleged therein to have violated; *but the omission of or error in such citation shall not affect the validity or sufficiency of the information."* (Emphasis added) If such be the case, then it is incongruous to state that, absent a listing on the face of the charging document of the "grade" —e.g., "official or customary citation of the statute and section"—of the offense alleged to have been committed, the accused can be imprisoned for no more than the minimum sentence provided for under the particular statute violated. Since the "grading" section of the Escape statute has not been equated with the essential elements of the offense, *see Commonwealth v. Stanley, infra,* its absence from the face of the charging document should not, *a fortiori,* taint the propriety of the sentence imposed.

the offense, those additional matters do not establish the perimeters of the offense nor define the basic crime with respect to what is necessarily included therein. *See, e.g., State v. Luce,* Me., 394 A.2d 770 (1978). Such position is in accord with Judge SPAETH's statement in *Commonwealth v. Stanley,* 265 Pa.Super. 194, 401 A.2d 1166 (1979), which was "embrace[d]" by the Court *en banc* therein, *id.,* 265 Pa.Super. at 201, 401 A.2d 1170, that:

> "the elements of the crime of escape are set out, not in § 5121(d) [—the grading section], but in § 5121(a):
>
> > (a) Escape.—A person commits an offense if he unlawfully removes himself from official detention following temporary leave granted for a specific purpose or limited period.
>
> .... The grading section ... does not add or subtract to this definition of the crime but only defines its severity, as a felony or misdemeanor. *Compare Commonwealth v. McKennion,* 235 Pa.Super. 160, 340 A.2d 889 (1975) (for theft offenses, under the Crimes Code, *supra,* § 3903, valuation of stolen goods is not element of crime, but controls grading of offense only (HOFFMAN and SPAETH, JJ., dissented))." *Id.,* 265 Pa.Super. at 219, 401 A.2d at 1179. *Accord Commonwealth v. Jones,* 491 Pa.Super. 289, 420 A.2d 1046 (1980).

Here, the record shows that the appellant, while serving a term of imprisonment, filed a petition for reconsideration of sentence. A hearing date was set; and, while the appellant was waiting in the courtroom for the proceedings to begin, he escaped. Appellant was apprehended, and in the course thereof a deputy sheriff was injured. (N.T. 1/3/80, at 2–4) The trier of fact, upon hearing all the evidence, found the operative elements as outlined above to have been satisfied, and returned a verdict of guilty. *See generally Commonwealth v. Brown,* 261 Pa.Super. 240, 396 A.2d 377 (1978).

It seems to this jurist that had the Legislature intended to make the grading of the offense of Escape one of its substantive or operative elements, it would not have divided the definition of the offense and the grading of the offense

into distinct and separately labeled subsections. *See, e.g.,* *Commonwealth v. Coleman*, 289 Pa.Super. 221, 433 A.2d 36 (1981). Additionally, the interpretation advanced by the Majority is a strained and an unreasonable one. That is, it necessarily leads one to conclude that henceforth *the "grading" section of the Escape statute is to be considered an element of the offense*, such that "if an indictment or information fails to set forth the degree of the offense, a conviction for escape must be graded as a misdemeanor of the second degree[,]" and no higher. (At 133) With such conclusion, I cannot agree.

The Majority cites in support of its proposition *Commonwealth v. Herstine*, 264 Pa.Super. 414, 399 A.2d 1118 (1979) and *Commonwealth v. Longo*, 269 Pa.Super. 502, 410 A.2d 368 (1979).

In *Herstine*, this Court noted that imposition of an enlarged sentence was conditioned upon the indictment or information containing averments of prior convictions. The rationale being, "[s]ince a second offense [under the Retail Theft statute] carries a greater penalty than a first offense, it 'is different in kind and character from a first offense.' Hence, an indictment [or information] must plead the peculiar characteristics which distinguished it from the first offense." (Citations omitted) *Id.* 264 Pa.Super. at 416, 399 A.2d at 1119. I take no issue with the preceding tenet, which was adhered to in *Commonwealth v. Longo, supra.*

However, instantly, unlike in *Herstine* and *Longo*, we are not dealing with a recidivist statute which exposes the accused to the possibility of an increased sentence solely because he is a repeat offender. Rather, the sentence to be imposed for Escape is dictated by the circumstances attendant to the proscribed act, and not the repetitive nature with which the offense is committed. In other words, notwithstanding the number of times a person is convicted of Escape, the operative ("essential") elements of the crime to be established at trial remain the same. If such were not so, and the accused was exposed to the possibility of an increased sentence merely for being a repeat offender, one

could see the need for the charging document to contain information that the accused had been convicted of prior offenses, so as to put him on notice of the severity of the crime for which he was being charged, and therefore of the potential sentence that could be imposed. *See Commonwealth v. Coleman, supra.* The case at bar, however, does not present such a situation. Thus, given the fact that the prosecution satisfied the purpose of an Information by providing the accused with sufficient notice to prepare a defense, and therefore ensured him that he would not be placed twice in jeopardy, I fail to see how the charging document was facially defective simply because it failed to grade the offense a felony. *See generally Commonwealth v. Rolinski, supra.*

The Chapter of the Crimes Code captioned Theft and Related Offenses, and the offenses listed therein, (18 Pa.C. S.A. §§ 3921–3931) is analogous to the Escape statute. In the case of theft, the value of the property need not be listed on the Information because it is not considered an essential element of the offense. *See Commonwealth v. Farmer,* 244 Pa.Super. 334, 368 A.2d 748 (1976); *Commonwealth v. McKennion, supra.* Likewise, the facts mitigating or aggravating a charge of Escape, which appear in the grading section, are not considered elements of the crime. *Commonwealth v. Stanley, supra.* Quite the contrary, the circumstances attendant to an escape, as with the value of stolen property, *become relevant only to establish the grade of the offense for purposes of imposing sentence. Commonwealth v. Stanley, supra; Commonwealth v. Farmer, supra; Commonwealth v. McKennion, supra.*

Consequently, finding the Information herein proper in all respects *see Commonwealth v. Howard,* 248 Pa.Super. 246, 251, 375 A.2d 79, 82 (1977) ("It is clearly the law of this Commonwealth that indictments drawn in the language of the criminal statute are legally sufficient." [Citations omitted]), I would uphold the validity of the sentence imposed; to do otherwise, is to elevate the "grading" section of the Escape statute from a factor to be considered at the time of

sentencing, to an *essential element* of the offense. The Majority's ruling being to the contrary, I respectfully dissent.