547 A.2d 370

**COMMONWEALTH of Pennsylvania**

v.

**Richard E. MAJOR, Appellant.**

Superior Court of Pennsylvania.

Argued April 28, 1988.

Filed Aug. 23, 1988.

George T. Dydynsky, Palmerton, for appellant.

James G. Caravan, Assistant District Attorney, Schuylkill Haven, for Com., appellee.

Before CAVANAUGH, WIEAND and DEL SOLE, JJ.

DEL SOLE, Judge:

This is an appeal from Judgment of Sentence entered by the Court of Common Pleas of Schuylkill County. We affirm.

Ten months after Richard E. Major escaped from the Schuykill County Prison in Pottsville, Pennsylvania, he was

apprehended on February 25, 1987. He was charged with escape, theft by unlawful taking, receiving stolen property and criminal conspiracy.

Appellant pleaded guilty to the charges of escape and criminal conspiracy to escape. All remaining charges were nol prosed. The trial court imposed concurrent sentences of 24 to 48 months on the charge of escape and 24 to 48 months on the charge of conspiracy to escape, to be served consecutive to the 18 to 48 months sentence which Appellant was serving for robbery. A timely motion for modification of sentence was denied. This appeal followed.

Appellant presents two issues for our review on appeal: (1) Where the information by which Appellant was charged with escape made no reference to the offense as a felony or a misdemeanor, should Appellant be sentenced to a sentence allowed for escape as a misdemeanor of the second degree rather than a felony of the third degree; and, (2) If the court finds that the charge of escape listed in the information filed against Appellant should be graded as a misdemeanor of the second degree for sentencing purposes, should a conspiracy to escape charge arising out of the same incident also be graded as a misdemeanor of the second degree.

Thus, on appeal, Appellant challenges the legality of his sentences on the charges of escape and criminal conspiracy to escape.

In the instant case, Appellant was convicted of escape and conspiracy to escape in a non-jury trial. The trial court graded both offenses as felonies of the third degree and sentenced Appellant to concurrent terms of 24 to 48 months imprisonment.

18 Pa.C.S.A. § 5121 states:

(a) Escape—A person commits an offense if he lawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period.

\*    \*    \*    \*    \*    \*

(d) Grading—

(1) An offense under this section is a felony of the third degree where:

(i) the actor was under arrest for or detained on the charge of felony or following conviction of crime;

(ii) the actor employs force, threat, deadly weapon or other dangerous instrumentality to effect the escape; or

(iii) a public servant concerned in detention of persons convicted of crime intentionally facilitates or permits an escape from a detention facility.

(2) Otherwise an offense under this section is a misdemeanor of the second degree.

Appellant contends that the trial court erred when it graded his escape as a felony of the third degree pursuant to 18 Pa.C.S.A. § 5121(d)(1) rather than as a misdemeanor pursuant to 18 Pa.C.S.A. § 5121(d)(2). Appellant argues that his sentence is illegal because the Information by which he was charged with escape made no reference to the offense as a felony or a misdemeanor and, thus, should be categorized as a misdemeanor. 18 Pa.C.S.A. § 5121(d)(1) and (2).

The first count of the Information filed to No. 328 of 1987 accused Appellant of escape in that he "did intentionally, knowingly and unlawfully remove himself from official detention from the Schuylkill County Prison, following conviction of a crime. All of which is against the Act of Assembly and peace and dignity of the Commonwealth of Pennsylvania." The record shows that the Information did not specifically set forth the degree of the offense, i.e., a felony or a misdemeanor.

In *Commonwealth v. McNeill*, 293 Pa.Super. 319, 322, 439 A.2d 131, 133 (1981) (Popovich, J., dissenting), (citation omitted), this Court held that "if an indictment or information fails to set forth the degree of the offense, a conviction for escape must be graded as a misdemeanor of the second degree." See *Commonwealth v. Nixon*, 328 Pa.Super. 250, 476 A.2d 1313 (1984). See also and compare: *Commonwealth v. Jones*, 279 Pa.Super. 93, 420 A.2d 1046 (1980) and

*Commonwealth v. Longo,* 269 Pa.Super. 502, 410 A.2d 368 (1979). In *Commonwealth v. McNeill, Id.,* 293 Pa.Superior Ct. at 322, 439 A.2d at 133, the first count of the Information read:

First count—that on on or about February 24, 1979 in Philadelphia County, Reginald McNeill did unlawfully remove himself from official detention following temporary leave granted for a specific purpose or limited period.

In *McNeill,* a panel of this Court stated that the wording of the first count of the Information, i.e., the escape charge, did not contain any information which would permit the defendant's escape to be graded as a felony. 293 Pa.Super. at 321–22, 439 A.2d at 132–33. The *McNeill* court explained that the count in question was an almost verbatim recitation of the statutory definition of escape pursuant to 18 Pa. § 5121(a) but was silent on the grade of the offense. 293 Pa.Super. at 322, 439 A.2d at 133.

▇ However, we find the instant case to be clearly distinguishable from the *McNeill* case. Wherein the count in question in the *McNeill* contained a recitation of the statutory definition of escape but no information on the grade of the offense, the first count of the Information in the case at bar, i.e., the escape charge, contains both types of information. The first count contains a recitation of the statutory definition of escape. In addition, although the first count does not specifically use the word "felony" in describing the grade of the offense, it does contain wording taken directly from 18 Pa.C.S.A. § 5121(d)(1)(i) sufficient to show that the escape charge falls clearly within the classification of a third degree felony. The count states that Appellant:

"... did intentionally, knowingly and unlawfully remove himself from official detention from the Schuylkill County Prison, *following conviction of a crime.*" (Emphasis added).

Thus, we conclude that the Information on its face contains facts sufficient to show that Appellant was charged

with a felony of the third degree. See *Commonwealth v. McNeill, Id.*

Moreover, the *McNeill* court held that the Commonwealth could not rely on the second and third counts of the indictment in that case to upgrade the conviction to a felony because the trial court failed to find the defendant guilty of those counts. Thus, the court ruled that the sentencing court was limited to the trial court's finding of guilt only on the first count and was, therefore, restricted to the language of the first count. 293 Pa.Super. at 323, 439 A.2d at 133.

In the case at bar, Appellant pleaded guilty to the charge of criminal conspiracy *as set forth in the Information.* The fourth count of the Information reads:

THE DISTRICT ATTORNEY OF SCHUYLKILL COUNTY by this information charges that on (or about) April 28, 1986, in said county, Richard E. Major, with the intent of promoting or facilitating the commission of a crime of Escape, Receiving Stolen Property and Theft by Unlawful Taking at Second and Sanderson Street, Pottsville, Pennsylvania, unlawfully and *feloniously* did agree with Charles Verano that they or one of them would engage in conduct which would constitute such crime, and did an over (sic) act in pursuance thereof, namely: they did escape through a cell window of the Schuylkill County Prison.

We find that the Information clearly categorizes the agreement entered into by the Appellant and his co-conspirators as *felonious.* The wording of count four of the Information gives sufficient notice to Appellant that he is charged with a felony conspiracy to escape. Thus, the Commonwealth may rely on the fourth count of the Information, i.e., the conspiracy to escape charge, to upgrade the conviction on the escape charge to a felony since Appellant pleaded guilty to the charge. Therefore, in the instant case, the sentencing court is not restricted to the language of the first count in determining whether Appellant should be sentenced for felony escape or misdemeanor escape. It

may also look to count four for facts to determine whether Appellant was charged with felony escape. See *Commonwealth v. McNeill,* supra, 293 Pa.Super. at 323, 439 A.2d at 133.

■ Pursuant to our holding with regard to the felony escape charge, we also determine that Appellant was properly sentenced on the felony conspiracy to escape charge. Criminal conspiracy is the same grade offense as the most serious offense which is the object of the conspiracy. 18 Pa.C.S.A. § 905. *Commonwealth v. Perkins,* 302 Pa.Super. 12, 17, 448 A.2d 70, 72–3 (1982).

Judgment of Sentence is affirmed.