**Commonwealth v. Nauss**

*William McElroy, assistant district attorney,* for the Commonwealth.

*Roger B. Reynolds,* and *Michael P. Gottlieb,* for defendant.

SALUS, *J.,* April 3, 1992—This is an appeal filed by the defendant Robert Nauss Jr., from the sentence imposed by the undersigned following a bench trial wherein the defendant was found guilty of escape under 18 Pa.C.S. §5121 (1983).

On December 15, 1977, the defendant was found guilty of murder in the first degree and sentenced to life in prison. The defendant was subsequently incarcerated at the State Correctional Institution at Graterford. On November 17, 1983, security officers at said institution determined that the defendant was missing. A criminal complaint charging the defendant

with escape and criminal conspiracy was subsequently executed by Lieutenant Frank Ewing, internal security officer at Graterford on November 18, 1983. The defendant was finally detained in Detroit, Michigan on October 31, 1990, and a detainer was lodged against him by Montgomery County on November 1, 1990. On November 2, 1990, the defendant was returned to the Commonwealth in the company of deputy U.S. marshals. The defendant was then arrested and advised of his rights and a preliminary hearing was scheduled for November 9, 1990. Said hearing was conducted as scheduled with Sally A. Wolf, Esquire, appearing for the defendant. A trial by judge was conducted before the undersigned on September 30, 1991, after which the defendant was found guilty of escape. The instant appeal follows the denial of post trial motions and the imposition of sentence and raises the following issues:

(1) Whether the criminal complaint issued by a correctional officer was valid;

(2) Whether the court properly considered the escape offense a third-degree felony where the information was silent as to the degree of the offense charged;

(3) Whether the Commonwealth timely commenced prosecution for the instant offenses; and

(4) Whether the court erred in denying the defendant's motion to dismiss under Pa.R.Crim.P. 1100.

As will be fully addressed below, each of the defendant's contentions is unsupported by the record and without merit.

The defendant's first contention on appeal is that the criminal complaint executed by Lieutenant Ewing, a correctional officer at Graterford, was invalid. The defendant maintains that the affiant was not a law en-

forcement officer hence the complaint needed approval by the District Attorney's Office pursuant to Pa.R.Crim.P. 133.

As provided by 61 P.S. §409.1 (1991):

"All wardens, deputy wardens, keepers, guards, turnkeys and matrons shall have, and may exercise, the powers of peace officers in the performance of their duties generally in guarding, protecting and delivering prisoners, in protecting the property and interests of the county, and in capturing and returning prisoners that may have escaped."

Lieutenant Ewing therefore had the powers of a peace officer who is defined as "[a]ny person who by virtue of his office or public employment is vested by law with a duty to maintain public order or to make arrests for offenses, whether that duty extends to all offenses or is limited to specific offenses...." 18 Pa.C.S. §501 (1991). Therefore, as is clearly indicated by these provisions, Lieutenant Ewing possessed the power to arrest the defendant as same was within the scope of his employment as a correctional officer and in the interests of the county. He in turn also had the authority to execute the criminal complaint in this matter under Pa.R.Crim.P. 101(a) as a police officer is by definition "any person who is by law given the power to arrest when acting within the scope of the person's employment." Pa.R.Crim.P. 3(o)

In sum, Lieutenant Ewing was vested with *limited* police power to execute the criminal complaint in this matter because the circumstances of this case involved an escape and invoked the peace powers granted to correctional facility personnel. The defendant's contentions to the contrary are therefore without merit. Furthermore, as the complaint was properly issued, the defendant was not denied due process of law and the

court had proper subject matter jurisdiction over the case.

The defendant's second contention on appeal is that the court erred in considering the escape offense a third-degree felony as the information failed to set forth the degree of the offense charged. The defendant cites *Commonwealth v. McNeill*, 293 Pa. Super. 319, 439 A.2d 131 (1981), wherein the court held that "if an indictment or information fails to set forth the degree of the offense, a conviction for escape must be graded as a misdemeanor of the second degree." *Id.* at 322, 439 A.2d at 133. (citations omitted) Unlike the information in *McNeill* however which merely contained the statutory definition of the escape charge, counts two and three of the information filed in the case at bar contain material sufficient to permit the escape to be graded as a felony and therefore there was no error by the court in considering same. See *Commonwealth v. Major*, 377 Pa. Super. 282, 547 A.2d 370 (1988) (although information charging defendant with escape did not specifically set forth degree of offense, it did contain wording sufficient to establish that escape charge fell within classification of third-degree felony).

The defendant's third contention on appeal is that the prosecution was barred by the expiration of the two-year statute of limitations as the bills of information were not issued until seven years after the criminal complaint was executed. However, the prosecution of the defendant for escape was not time barred as he was continually absent from the Commonwealth until three months prior to the filing of the bills. See *Commonwealth v. Cruz*, 355 Pa. Super. 176, 512 A.2d 1270, *appeal denied*, 514 Pa. 623, 522 A.2d 49 (1986). During the period of the defendant's absence the period of

limitations was tolled hence there was no error. 42 Pa.C.S. §5554 (1991).

The defendant's final contention on appeal is that the court erred in denying his motion to dismiss for violation of his right to a speedy trial. The defendant maintains that since he was incarcerated on November 1, 1990, and not brought to trial until some 334 days later, on September 30, 1991, that a violation of Rule 1100 of the Pennsylvania Rules of Criminal Procedure resulted warranting dismissal.

"The pertinent language of Rule 1100 provides:

"(a)(2)  Trial in a court case in which a written complaint is filed against the defendant, where the defendant is incarcerated, shall commence no later than 180 days from the date on which the complaint is filed.

"(a)(3)  Trial in a court case in which a written complaint is filed against the defendant, where the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.

"(e)  No defendant shall be held in pre-trial incarceration for a period exceeding 180 days excluding time described in subsection (c) above [excludable time].  Any defendant held in excess of 180 days is entitled *upon petition* to immediate release on nominal bail." (emphasis supplied)

We must note at the outset that this case is unique due to the fact that the defendant is serving a life term with a consecutive sentence thereto rendering him ineligible for bail under any circumstances. The defendant contends that under said circumstances, the Commonwealth had an absolute duty to bring him to trial within 180 days. The defendant's argument is however flawed in several respects. While he indeed was entitled

to nominal bail after 180 days same would have in no way impacted upon his status of incarceration given the life-plus sentence. In addition, the defendant never petitioned for bail as required under subsection (e). Pa.R.Crim.P. 1100(e). Therefore due to the combined elements operating under the given circumstances, the Commonwealth had 365 days during which to bring the defendant to trial. We must further point out that the defendant did not claim a lack of due diligence on the part of the Commonwealth or that the extension of time beyond 180 days prejudiced his interests. See *Commonwealth v. Brown,* 396 Pa. Super. 171, 578 A.2d 461 (1990) (even where the Commonwealth fails to exercise due diligence, charges will not be dismissed absent a finding that the extension of time prejudiced the defendant). For these reasons the prosecution was timely and without procedural error.

As the defendant was properly brought before this court on the charge of escape and found guilty, the appeal in this matter should be denied.